# Exhibit A

**Declaration of John J. Kane**

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| In re: | § | |
| | § | |
| UNIVERSAL REHEARSAL PARTNERS, LTD., | § § § | Case No. 22-31966-mvl11 |
| | § | |
| Debtor. | § | Chapter 11 |

**DECLARATION OF JOHN J. KANE IN SUPPORT OF
DEBTOR'S APPLICATION TO EMPLOY KANE RUSSELL
COLEMAN LOGAN PC AS BANKRUPTCY COUNSEL**

Pursuant to 28 U.S.C. § 1746, I, John J. Kane, declare the following to be true and correct under penalty of perjury:

1. "My name is John J. Kane, and I submit this Declaration in support of the *Application to Employ Kane Russell Coleman Logan PC as Bankruptcy Counsel* (the "**Application**")[1] filed by Universal Rehearsal Partners, Ltd., as debtor and debtor-in-possession in the above-referenced chapter 11 case (the "**Debtor**"), whereby the Debtor seeks authority to retain Kane Russell Coleman Logan PC ("**KRCL**") as its bankruptcy counsel.

2. I am a Director at KRCL. The Debtor asked KRCL to act as its bankruptcy counsel, subject to Court approval.

3. I am licensed to practice law in the State of Texas, and have been admitted to practice before, among other courts, the United States District Court for the Northern District of Texas.

4. I execute this Declaration on behalf of KRCL, which maintains its principal Dallas, Texas office for the practice of law at 901 Main Street, Suite 5200, Dallas, Texas 75202; Tel.: (214) 777-4200; Fax: (214) 777-4299.

---

[1] Capitalized terms not defined herein have the meanings provided in the Application unless otherwise noted.

5. Unless otherwise stated, this Declaration is based upon facts of which I have personal knowledge or facts that those under my supervision have determined.

6. In anticipation of being engaged by the Debtor, I reviewed the Debtor's lists of creditors, accounts payable, and other information about interested parties in this matter. The names of the Debtor and all known creditors of the Debtor, including the Debtor's secured creditor, was forwarded to each attorney at KRCL to review in an effort to (i) inform me of any known conflicts, existing representations or past representation, and (ii) advise me of the facts concerning any such conflicts or existing representations. Additionally, a conflict check was run by KRCL's accounting department comparing the list of the Debtor's creditors and other interested parties with KRCL's computer database of existing clients. The facts stated in this Declaration as to the relationship between other lawyers in KRCL and the Debtor, the Debtor's creditors, other parties in interest, the United States Trustee, and other interested parties are based on that review. Given the exigencies that led the Debtor's request to engage KRCL, it is possible that a relationship may not have been discovered by KRCL attorneys. Accordingly, to the extent any additional matters relevant to KRCL's employment for the Debtor arise at any time during this case, KRCL will supplement its Application and this Declaration.

7. KRCL is not a creditor, an equity security holder, or an insider of the Debtor.

8. KRCL is not and was not an investment banker for any outstanding security of the Debtor or any of its subsidiaries, and no attorney at KRCL has served as an attorney for any investment banker for any security of the Debtor or any of its subsidiaries in connection with the offer, sale, or issuance of a security of the Debtor or its subsidiaries within three (3) years before the date of filing of the Debtor's bankruptcy petition.

9. No attorney at KRCL is in control of the Debtor or is a relative of any general partner, limited partner, director, officer, or other person in control of the Debtor.

10. No attorney at KRCL is a general or limited partner of any partnership in which the Debtor or any of its subsidiaries is also a general partner.

11. No attorney at KRCL has served as an officer, director, or employee of the Debtor.

12. No attorney at KRCL is or has served as an officer, director, or employee of a financial advisor that has been engaged by the Debtor in connection with the offer, sale or issuance of a security by the Debtor.

13. No attorney at KRCL has represented a financial advisor of the Debtor in connection with the offer, sale or issuance of a security of the Debtor or its subsidiaries.

14. KRCL employs approximately 80 attorneys and maintains a large and diverse legal practice, which encompasses, among other things, the representation of financial institutions, commercial corporations, investors, investment bankers and trade creditors. Some of these entities (or affiliates of these entities) are or may be holders of claims against and/or interests in the Debtor or its affiliates or parties in interest to this case. In the ordinary course of practicing law, KRCL and certain of its lawyers may have, in the past, represented, currently represent, and from time to time in the future may represent entities or affiliates of such entities in matters unrelated to the Debtor's case.

15. After running a conflict check to identify any such representations, I learned that KRCL has represented creditor Waste Connections in the past, or is currently representing Waste Connections in matters wholly unrelated to these proceedings. KRCL does not represent Waste Connections in any matter in any way related to these proceedings. Based on the investigation described above, Waste Connections is the only creditor of the Debtor that I know KRCL has or does represent, and only in unrelated matters.

16. KRCL has agreed to represent the Debtor in this case and to be compensated through the fee application and approval process mandated by the Bankruptcy Code and pursuant to orders of this Court regarding compensation of professionals.

17. If it becomes apparent to KRCL that the Debtor will be unable to pay all of the costs of administration for this chapter 11 case, KRCL reserves the right to request the Court's permission to withdraw from representation of the Debtor.

18. Through its professional corporation, KRCL proposes to represent the Debtors as its counsel in the matters described in the Application under the terms set forth therein and herein. KRCL has not shared or agreed to share (a) any compensation it has received or may receive with any other person or party other than the members and associates of KRCL, or (b) the compensation any other person or party may receive.

19. KRCL has agreed to render legal service for all aspects of this bankruptcy case, to the extent possible, as more fully set forth in the Application.

20. KRCL anticipates that the responsibility of representing the Debtor will be divided among KRCL's professionals in as reasonably efficient of a manner as possible. Mr. Kyle Woodard, Ms. JaKayla DaBera, and I are expected to be the primary KRCL attorneys involved in the representation. Other KRCL attorneys will assist us as their areas of expertise and experience may be required based upon the Debtors' needs.

21. My normal billing rate is $550 per hour. Mr. Woodard's normal billing rate is $400 per hour. Ms. DaBera's normal billing rate is $350 per hour. Bankruptcy paralegals will be billed at $275 per hour. Other KRCL professionals will be billed at their standard rates. KRCL will seek approval of compensation for fees and expense reimbursements through the filing of appropriate applications with this Court in accordance with the Bankruptcy Code, Bankruptcy Rules, Local Rules, and other orders of this Court.

22. Neither I nor any member of KRCL is related to any judge of the United States Bankruptcy Court for the Northern District of Texas, nor any attorney or other employee with the United States Trustee's Office for the Northern District of Texas, or otherwise connected with any

such judge or member of the U.S. Trustee's Office in a manner that would render my or KRCL's employment improper.

23. Except as set forth herein or in the Application, neither I nor KRCL holds or represents any interest adverse to the Debtor or the Debtor's bankruptcy estate with respect to the matters for which KRCL's employment is sought other than any matter associated with payments of fees and expenses to KRCL.

24. Prior to the Petition Date, KRCL received a $50,000.00 retainer from the Debtor for professional services performed and to be performed, including the commencement and prosecution of this case. Prior to the filing of this case, KRCL applied $36,350.00 of the retainer towards payment of its fees and expenses incurred through that time. KRCL intends to retain the balance of the retainer in its trust account for services rendered and expenses incurred from and after the Petition Date, subject to this Court's subsequent approval for payment to KRCL.

25. KRCL is not owed any amounts for services rendered or expenses incurred on behalf of the Debtor prior to the Petition Date.

26. I submit this statement based upon the information available to me as of the date so executed and will promptly supplement this statement should it become inaccurate or incomplete.

27. I have read the Application. The factual statements contained in the Application and this Declaration are true and correct to the best of my knowledge, information, and belief."

Executed on November 4, 2022, in Dallas County, Texas.

*/s/ John J. Kane*
John J. Kane