IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| In re: | § | Chapter 11 |
| | § | |
| UNIVERSAL REHEARSAL PARTNERS, LTD., | § § § | Case No. 22-31966 |
| | § | |
| Debtor. | § § | |

COVER SHEET FOR FIRST AND FINAL FEE APPLICATION OF
COLLIERS INTERNATIONAL NORTH TEXAS, LLC
AS REAL ESTATE BROKER FOR THE DEBTOR

| | |
|---|---|
| Name of Applicant: | Colliers International North Texas, LLC |
| Capacity: | Real Estate Broker |
| Name of Client(s): | Universal Rehearsal Partners, Ltd. |
| Time Period covered by this Application: | January 4, 2023 through March 16, 2023 |
| Total Compensation sought this Period: | $69,975.00 |
| Total Expenses sought this Period: | $0.00 |
| Petition Date: | October 21, 2022 |
| Retention Effective Date: | January 4, 2023 |
| Date of Order Approving Employment: | February 3, 2023 [Dkt. #88] |
| Total Compensation Approved by Interim Order to Date: | N/A |
| Total Expenses Approved by Interim Order to Date: | N/A |
| Total Allowed Compensation Paid to Date: | $0 |
| Total Allowed Expenses Paid to Date: | $0 |

This is a:      ___ monthly      ___ interim      _x_ final application

John J. Kane (SBN 24066794)
S. Kyle Woodard (SBN 24102661)
JaKayla J. DaBera (SBN 24129114)
**KANE RUSSELL COLEMAN LOGAN PC**
Bank of America Plaza
901 Main Street, Suite 5200
Dallas, Texas 75202
Telephone: (214) 777-4200
Telecopier: (214) 777-4299
E-mail: jkane@krcl.com
E-mail: kwoodard@krcl.com
E-mail: jdabera@krcl.com

**COUNSEL FOR DEBTOR AND DEBTOR-IN-POSSESSION**

# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE NORTHERN DISTRICT OF TEXAS
# DALLAS DIVISION

| | | |
|---|---|---|
| In re: | § | Chapter 11 |
| | § | |
| **UNIVERSAL REHEARSAL PARTNERS, LTD.,** | § § | Case No. 22-31966 |
| | § | |
| Debtor. | § § | |

## FIRST AND FINAL FEE APPLICATION OF COLLIERS INTERNATIONAL NORTH TEXAS, LLC AS REAL ESTATE BROKER FOR THE DEBTOR

**NO HEARING WILL BE CONDUCTED HEREON UNLESS A WRITTEN RESPONSE IS FILED WITH THE CLERK OF THE UNITED STATES BANKRUPTCY COURT AT 1100 COMMERCE ST., RM. 1254, DALLAS, TX 75242 BEFORE CLOSE OF BUSINESS ON APRIL 11, 2023, WHICH IS AT LEAST 21 DAYS FROM THE DATE OF SERVICE HEREOF.**

**ANY RESPONSE SHALL BE IN WRITING AND FILED WITH THE CLERK, AND A COPY SHALL BE SERVED UPON COUNSEL FOR THE MOVING PARTY PRIOR TO THE DATE AND TIME SET FORTH HEREIN. IF A RESPONSE IS FILED A HEARING MAY BE HELD WITH NOTICE ONLY TO THE OBJECTING PARTY.**

**IF NO HEARING ON SUCH NOTICE OR MOTION IS TIMELY REQUESTED, THE RELIEF REQUESTED SHALL BE DEEMED TO BE UNOPPOSED, AND THE COURT MAY ENTER AN ORDER GRANTING THE RELIEF SOUGHT OR THE NOTICED ACTION MAY BE TAKEN.**

Colliers International North Texas, LLC ("**Colliers**"), as the duly-employed real estate broker for Universal Rehearsal Partners, Ltd. (the "**Debtor**") in the above-captioned chapter 11 bankruptcy case (the "**Bankruptcy Case**" or "**Case**"), by and through the Debtor's undersigned counsel, files this *First and Final Fee Application of Colliers International North Texas, LLC as Real Estate Broker for the Debtor* (the "**Application**") and, in support hereof, respectfully states as follows:

## JURISDICTION & VENUE

1.　　This Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2). Venue is proper in this Court pursuant to 28 U.S.C. §§ 1408 and 1409.

2.　　The statutory predicates for the relief sought in this Application sections 328, 330, 331 and 503(b)(2) of title 11 of the United States Code (the "**Bankruptcy Code**") and Rule 2016 of the Federal Rules of Bankruptcy Procedure and the Local Bankruptcy Rules for this Court.

## BACKGROUND

3.　　On October 21, 2022 (the "**Petition Date**"), the Debtor filed a voluntary petition for relief in this Court under Chapter 11 of the Bankruptcy Code. The Debtor is operating as debtor-in-possession under sections 1107 and 1108 of the Bankruptcy Code. No committees have been appointed in this Case, and no trustee or examiner has been appointed.

4.　　On January 5, 2023, Debtor filed its *Application to Employ and Retain Collier's International North Texas, LLC as Real Estate Broker* [Dkt. #65] seeking authority to employ Colliers on the terms set forth in the Exclusive Real Estate Agreement attached thereto as Exhibit A [Dkt. #65-1] (the "**Listing Agreement**") for the purpose of marketing and selling the Debtor's real property located at 9142 and 9150 Markville Drive, Dallas, Texas 75243 (the "**Property**").

5.　　 On February 3, 2023, the Court entered an *Order Authorizing Debtor to Employ and Retain Colliers International North Texas, LLC as Real Estate Broker* [Dkt. #88] (the "**Retention Order**")

authorizing Collier's retention under section 328(a) of the Bankruptcy Code, effective as of January 4, 2023, on the terms set forth in the Listing Agreement.

6. The Listing Agreement provides for Colliers to be compensated in the form of a commission equal to 4.5% of the purchase price paid for the Property:

> C. **Compensation.** For services rendered, and subject to the other terms and conditions of this Agreement, Client agrees that Colliers shall be compensated as follows:
>
> i. In the event that an agreement evidencing a Disposition is fully executed by the parties thereto and upon consummation/closing of such Disposition, then, and in such event, Client hereby agrees to pay and Colliers shall earn and hereby agrees to accept, as compensation in full for the services provided by Colliers in connection with that specific Disposition transaction, a commission as set forth in the Disposition Authorization. At Colliers' option and/or as may be required by the laws and/or regulations of the state, territory, or country in which the Current Premises is located, Colliers may direct that Client pay the commission earned, due and payable to Colliers hereunder directly to the Local Broker, out of which the Local Broker shall compensate Colliers.
>
> ii. The commission shall be paid to Colliers (or Local Broker) as follows (a) if a Sale (as hereinafter defined), one hundred percent (100%) upon the date the document(s) evidencing the Disposition is fully executed by parties thereto and Landlord's consent is provided, if required, in wired, certified, or bank funds from escrow upon the closing of such Disposition. For the purposes of this Agreement, "**Sale**" shall be deemed to include, in addition to the conventional transfer of a fee simple interest, any sale/lease-back, "1031" tax-deferred exchange or "swap", joint venture, equity investment or any other sale, transfer or disposition of all or any part of the Current Premises by which any portion of Client's interest in the Current Premises is transferred

Listing Agreement, ¶ C.

> **Commission for Disposition:**
>
> A. **Sale.** In connection with a Sale (as such term is defined in the Agreement), Client shall pay and Colliers shall earn a commission in an amount equal to four and a half percent (4.50%) of the Purchase Price. For the purposes of this Agreement, "**Purchase Price**" means the Sale price set forth in the contract of Sale executed by the parties thereto, as may be amended, without any deduction or setoff for the customary and usual adjustments between sellers and purchasers at closing of title.

Listing Agreement, Ex. A (Form of Disposition Authorization).

7. On March 3, 2023, the Court entered an *Order (I) Authorizing and Approving (A) The Sale of the Debtor's Assets Free and Clear of Liens, Claims and Encumbrances, and (B) the Debtor's Assumption and Assignment of Executory Contracts and Unexpired Leases in Connection with the Sale; and (II) Granting Related Relief* [Dkt. #100] (the "**Sale Order**") authorizing the Debtor to sell the Property to TC Realty, LLC (the "**Sale**") for a purchase price of $1,555,000.00 (the "**Purchase Price**").

8. The Sale closed on March 9, 2023 (the "**Closing**"), in accordance with the Sale Order.

9. Pursuant to the Listing Agreement, Colliers is entitled to receive a commission equal to 4.5% of the total Purchase Price, or $69,975.00 (the **"Commission"**), as compensation for services rendered in connection with the Sale.

10. The Commission was not paid to Colliers at Closing, but rather is payable from the Sale proceeds collected by the Debtor. In accordance with the Retention Order, Colliers files this Application seeking final approval of its Commission and authority for the Debtors to pay the Commission from the Sale proceeds.

## RELIEF REQUESTED

11. Colliers hereby requests that the Court enter an order allowing, on a final basis, and authorizing payment of compensation for services rendered by Colliers in the amount of $69,975.00 (the full amount of the Commission). Colliers does not seek reimbursement for any out-of-pocket expenses.

12. The terms of Colliers' retention and compensation were approved under section 328(a) of the Bankruptcy Code. Thus, Collier's compensation (*i.e.*, the Commission) is subject to review under the "improvident" standard of section 328(a), rather than the standards of section 330 of the Bankruptcy Code. *See* 11. U.S.C. § 328(a); *see also* Retention Order.

13. Colliers believes the fees and expenses sought herein are fair and reasonable in view of, among other things, the services provided and the results obtained from those services, which yielded a significant benefit for the Debtor's estate and creditors. The initial offer received for the Property was approximately $1,050,000.00. As a result of Colliers' efforts, however, the Property sold for $1,555,000, more than $500,000.00 above that initial offer, and it is expected that the Purchase Price received by the Debtors will enable all creditors in this Case to be paid in full.

14. Colliers submits that the amounts sought herein were necessary and beneficial for the Debtor, its estate, and its creditors, and that such amounts are fair and reasonable given (a) the time

expended by Colliers, (b) the nature and extent of the services rendered, (c) the value of such services, and (d) the costs of comparable services other than in a case under the Bankruptcy Code.

15. All services for which Colliers requests compensation were performed for and on behalf of the Debtor, and not on behalf of any other person or stakeholder. No agreement or understanding exists between Colliers and any other entity for the sharing of compensation received or to be received for services rendered in or in connection with this proceeding.

16. Colliers represents that to the best of its knowledge, information and belief, formed after reasonable inquiry, the compensation sought herein is in conformity with the U.S. Trustee's Guidelines for compensation and expense reimbursement of professionals adopted in this Court.

## CONCLUSION

WHEREFORE, Colliers respectfully requests that the Court enter an order: (i) approving the Commission and a final award of compensation in the amount of **$69,975.00** for professional services rendered by Colliers as the Debtor's real estate broker; (ii) authorizing the Debtor to remit payment to Colliers for all amounts sought in this Application; and (iii) granting Colliers other and further relief as this Court deems just and proper.

DATED: March 21, 2023

Respectfully submitted,

**COLLIERS INTERNATIONAL NORTH TEXAS, LLC**

By: *Sam Martin*
    Sam Martin
    Associate Vice President

**KANE RUSSELL COLEMAN LOGAN PC**

By: */s/ Kyle Woodard*
    **John J. Kane**
    State Bar No. 24066794
    **Kyle Woodard**
    State Bar No. 24102661
    **JaKayla J. DaBera**
    State Bar No. 24129114
Bank of America Plaza
901 Main Street, Suite 5200
Dallas, Texas 75202
Telephone: (214) 777-4200
Telecopier: (214) 777-4299
E-mail: jkane@krcl.com
E-mail: kwoodard@krcl.com
E-mail: jdabera@krcl.com

**COUNSEL FOR DEBTOR AND DEBTOR-IN-POSSESSION**

## CERTIFICATION OF PROFESSIONAL

I hereby certify that (i) I have read this Application; (ii) to the best of my knowledge, information, and belief, formed after reasonable inquiry, the professional fee compensation and expense reimbursements sought in this Application conform with the Guidelines; and (iii) the requested professional fees and expense reimbursements are billed at rate and in accordance with practices no less favorable than those customarily employed by Colliers and generally accepted by Colliers' clients.

By: *Sam Martin*
Sam Martin
Associate Vice President

## CERTIFICATE OF SERVICE

This is to certify that on March 21, 2023, the foregoing Application was filed with the Court and served (i) via the Court's CM/ECF system upon all parties receiving such electronic service in this bankruptcy case; (ii) via email and/or first-class mail, postage prepaid, upon all parties set forth on the attached Service List; and (iii) via email upon the following parties:

**Counsel for PlainsCapital Bank:**
Buffey E. Klein
HUSCH BLACKWELL, LLP
Buffey.Klein@huschblackwell.com

**Office of the United States Trustee:**
Lisa Lambert
Assistant United States Trustee
OFFICE OF THE UNITED STATES TRUSTEE
Lisa.L.Lambert@usdoj.org

**Counsel for Vince Barnhill**
Joyce W. Lindauer
JOYCE W. LINDAUER ATTORNEY, PLLC
joyce@joycelindauer.com

By: */s/ Kyle Woodard*
Kyle Woodard