Joyce W. Lindauer
State Bar No. 21555700
Joyce W. Lindauer Attorney, PLLC
1412 Main St., Suite 500
Dallas, Texas 75202
Telephone: (972) 503-4033
Facsimile: (972) 503-4034
ATTORNEYS FOR VINCE BARNHILL

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION**

| | | |
|---|---|---|
| **IN RE:** | § | |
| | § | |
| **UNIVERSAL REHEARSAL** | § | **CASE NO. 22-31966-mvl** |
| **PARTNERS, LTD.,** | § | **Chapter 11** |
| | § | |
| **Debtor.** | § | |

## OBJECTION TO CONFIRMATION OF DEBTOR'S CHAPTER 11 PLAN OF LIQUIDATION

TO THE HONORABLE UNITED STATES BANKRUPTCY JUDGE:

COMES NOW Vince Barnhill, a party-in-interest in the above titled and numbered bankruptcy case, files this his *Objection to Confirmation of Debtor's Chapter 11 Plan of Liquidation* (the "Objection") and respectfully states as follows:

### I. BACKGROUND FACTS

1.     From September 26, 2000 to November 12, 2021, Vince Barnhill ("Barnhill") served as General Partner and Manager of the Debtor, and owned a fifty percent (50%) equity interest in Debtor.  This ownership interest is reflected in paragraph 3.7 of the *Agreement of Limited Partnership of Universal Rehearsal Partners, Ltd.* ("Partnership Agreement") executed on September 26, 2000. Before that date, Barnhill was the sole proprietor of the business that became the Debtor.  From the founding of the pre-cursor business in 1986, and through the period of the limited partnership until November 12, 2021, Barnhill alone managed the day-to-day operations of the business.  After joining the business as a limited partner on September 26, 2000,

John Kirtland ("Kirtland") assumed ownership of fifty percent (50%) of the Debtor.  He provided little, if any, input into management of the business, and upon information and belief, instead often used it, and/or its assets to collateralize multiple personal business dealings, sometimes behind Barnhill's back without his knowledge or approval.

2.      On November 12, 2021, Kirtland caused his attorney, Jacob Sparks, to deliver to Barnhill a "*Notice of Removal of General Partner*," citing eleven unsupported reasons for said removal.  Using the terms of the Partnership Agreement as a weapon against Barnhill, he seized one percent (1%) of the equity interest owned by Barnhill, installed QPM, LLC ("QPM") (whose principal member, Marcus Morriss ("Morriss"), is a friend and business associate of Kirtland) to act as General Partner of the Debtor, and gave that one percent (1%) interest to QPM.  Upon information and belief, Kirtland's true motivations for removal of Barnhill as general partner was so that he could reduce Barnhill's equity interest in the business, install an entity under his control and/or influence to manage the business (i.e. QPM), and effectively take a majority stake (his own 50% along with QPM's 1% share) with the intent of liquidating the business to satisfy his other debt obligations.   In other words, Barnhill believes that Kirtland is using these bankruptcy proceedings to aid him in his efforts to wrest control from Barnhill of a business that Barnhill started and operated for thirty-six years, and which was his sole source of income.

3.      Barnhill disputes and denies the assertions made by Kirtland in the aforementioned Notice of Removal.

4.      Barnhill's removal as General Partner of the Debtor and seizure of his equity in the Debtor was improper.  Using fabricated reasons as a pretext to seize a portion of Barnhill's ownership interest and turn it over to a friend and business associate, Kirtland has purposely diluted Barnhill's interest in the Debtor to the point that Barnhill's efforts to resist Kirtland's machinations

are pointless and in vain.  The mere fact that that interest was turned over to a partisan party

beholding to Kirtland is highly suspect and smacks of preferential and/or self-serving treatment.

Further, QPM (which upon information and belief is a business entity owned by that friend and

business associate of Kirtland) was installed as the new General Partner and manager of the Debtor.

In the eighteen months that QPM has been managing the Debtor's business, Barnhill has been

notified by his former clients/patrons that the services now being provided are substandard, that

the real property owned by the Debtor has fallen into noticeable disrepair, and that the facilities

are being used for illegal activities.  Kirtland's efforts were calculated to drive the business into

insolvency for the purpose of wresting it from Barnhill so that Kirtland could liquidate it and use

the proceeds of such liquidation to service other of his obligations.

## II. <u>AUTHORITY</u>

5.    The Court may only confirm a plan that complies with 11 U.S.C. § 1129.[1]

6.    Section 1129(b) of the Bankruptcy Code requires that a plan may not discriminate

unfairly and be "fair and equitable."[2]  The Debtor's Plan does not comply with this section of the

Bankruptcy Code, and confirmation should be denied.

7.    Further, "a bankruptcy judge must not blindly follow the hue and cry of the most

vocal special interest groups; rather, he should consider all salient factors pertaining to the

proceeding and, accordingly, act to further the diverse interests of the debtor, creditors and equity

holders alike."[3]  Here the interests of Barnhill, as equity holder in the Debtor are significant, and

are not being met by the Plan.

---

[1] 11 U.S.C. § 1129(a)(1); see also *In re Pecht*, 57 B.R. 137, 13 Bankr. Ct. Dec. (LRP) 1317 (Bankr. E.D. Va. 1986).
[2] 11 U.S.C. § 1129(b).
[3] *In re Lionel Corp.*, 722 F.2d 1063, 1071 (2d Cir. 1983)

### III. <u>ARGUMENT</u>

8.      Barnhill asserts that the Plan is not fair and equitable since it contains objectionable provisions prejudicial to Barnhill's interests in this case and the related adversary cases.

9.      Section 1.01(14) defines Barnhill as a 49% equity share holder in the Debtor.  Such definition makes no mention of the fact that Kirtland improperly seized a 1% equity share from Barhill and turned such interest over to QPM, an entity under the control of a business associate who Kirtland is believed to control or influence so that Kirtland could achieve a de facto majority interest in the Debtor.

10.      Section 1.01(44) identifies the Debtor and the Estate as "Exculpated Parties" releasing them of any liability in causes of action relating to the administration of any cause of action despite wrongdoing perpetrated by Debtor and Kirtland upon Barnhill in terms of the improper acquisition of a 1% share of his ownership interest and improper assertion of claims against him.

11.      Section 1.01(53) identifies QPM as "General Partner," but again no mention is made of the improper removal of Barnhill from this position.  Further, no mention is made of QPM's control by Morriss, a business associate of Kirtland, who is believed to be under the control and influence of Kirtland.

12.      Section 1.01(62) identifies Barnhill as a limited partner but makes no mention of him being or having been general partner who was improperly removed which is an item of controversy between and among URP, Kirtland, QPM and its principal Marcus Morriss, and Barnhill in both the bankruptcy and its associated adversary cases.

13.      Section 1.01(94) identifies all principals of Debtor (i.e. Kirtland, Morriss, and QPM) as "Released Parties" in relation to any causes of action or claims relating to this case, but

no such status is afforded to Barnhill, thereby indemnifying themselves of any liability as to any claim or action by any other party.  Essentially, Barnhill is "left holding the bag."

14.    Section 1.01(95) identifies the Debtor a "Releasing Party" in addition to also being a "Released Party."  Under such definition, Debtor is able to release itself from liability resulting from any cause of action or claim by any other party.

15.    Section 6.06 states that no entity may rely on the absence of a specific reference in the Plan, Disclosure Statement, Bankruptcy Schedules, to any cause of action as an indicator that Debtor will not pursue any and all causes of action against them.  Such provision is prejudicial to Barnhill to the extent that even if a cause of action is not asserted, Debtor may still pursue other prospective and as-yet unidentified future causes of action against Barnhill.

16.    Section 15.05 provides that entities holding claims or interests released or exculpated in accordance with the Plan are "permanently enjoined" from taking actions against Debtors and Released Parties, which include commencing or continuing any action regarding claims against the Debtors and/or collecting a judgment against same.  Presumably, this includes Barnhill who has asserted claims against Debtor and Kirtland.

WHEREFORE, PREMISES CONSIDERED, Vince Barnhill requests that the Court deny approval of the *Debtor's Chapter 11 Plan of Liquidation* dated February 24, 2023 and for such other relief as the Court deems appropriate.

Dated: March 29, 2023.

Respectfully submitted,

*/s/ Joyce W. Lindauer*
Joyce W. Lindauer
State Bar No. 21555700
Joyce W. Lindauer Attorney, PLLC
1214 Main St., Suite 500
Dallas, TX 75202
Telephone: (972) 503-4033
Facsimile: (972) 503-4034

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on March 29, 2023, a true and correct copy of the foregoing document was served via email pursuant to the Court's electronic case filing system (CM/ECF) upon the parties in this case receiving electronic notice of filings.

*/s/ Joyce W. Lindauer*
Joyce W. Lindauer