

CLERK, U.S. BANKRUPTCY COURT
NORTHERN DISTRICT OF TEXAS

# ENTERED

THE DATE OF ENTRY IS ON
THE COURT'S DOCKET

**The following constitutes the ruling of the court and has the force and effect therein described.**

**Signed April 5, 2023**

_____
**United States Bankruptcy Judge**

---

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE NORTHERN DISTRICT OF TEXAS
## DALLAS DIVISION

| | | |
|---|---|---|
| In re: | § | Chapter 11 |
| | § | |
| **UNIVERSAL REHEARSAL** | § | Case No. 22-31966 |
| **PARTNERS, LTD.,** | § | |
| | § | |
| Debtor. | § | |

---

### FINDINGS OF FACT, CONCLUSIONS OF LAW, AND ORDER
### (I) APPROVING DEBTOR'S DISCLOSURE STATEMENT ON A FINAL BASIS AND
### (II) CONFIRMING DEBTOR'S CHAPTER 11 PLAN OF LIQUIDATION

---

CAME ON FOR CONSIDERATION (a) final approval of the *Debtor's Disclosure Statement Pursuant to 11 U.S.C. § 1125* [Dkt. #91] (the **"Disclosure Statement"**) and (b) confirmation of the *Debtor's Chapter 11 Plan of Liquidation* [Dkt. #90] (together with all documents and/or supplements related thereto or contemplated thereunder, the **"Plan"**)[1] filed by Universal Rehearsal Partners, Ltd. (the **"Debtor"**) in the above-captioned chapter 11 bankruptcy case (the **"Case"**).

---

[1] Capitalized terms used but not defined herein shall have the meanings provided in the Plan unless otherwise noted.

Having considered the Plan, the Disclosure Statement, the *Declaration of Marcus Morris in Support of Confirmation of Debtor's Chapter 11 Plan of Liquidation* [Dkt. #110] (the **"Plan Declaration"**), the *Ballot Tabulation for Debtor's Chapter 11 Plan of Liquidation* [Dkt. #113] (the **"Ballot Tabulation"**), and all other evidence presented at the combined hearing to consider final approval of the Disclosure Statement and confirmation of the Plan held before this Court on **April 5, 2023 at 9:30 a.m. CT** (the **"Confirmation Hearing"**); and the Debtors having timely provided all holders of Claims against or Interests in the Debtor (collectively, **"Claimants"**) and all parties in interest with good and sufficient notice of the Plan, Disclosure Statement, Confirmation Hearing, and all applicable deadlines in accordance with the provisions of title 11 of the United States Code (the **"Bankruptcy Code"**),[2] the Federal Rules of Bankruptcy Procedure (the **"Bankruptcy Rules"**), the Local Rules of this Court (the **"Local Rules"**), and the orders of this Court, as evidenced by the docket in this case and the Certificates of Service filed with this Court; and all objections to confirmation of the Plan or final approval of the Disclosure Statement having been overruled by the Court on the record at the Confirmation Hearing and/or by terms of this order (this **"Order"**) or resolved by the applicable parties; and upon the entire record of this Case, the record made at the Confirmation Hearing, and the arguments of counsel and all evidence adduced at the Confirmation Hearing; and the Court having determined, based upon the foregoing, and as further set forth herein, that the Plan should be confirmed and the Disclosure Statement should be approved on a final basis; and after due deliberation and good cause appearing therefor,

### THE COURT HEREBY FINDS, DETERMINES, AND CONCLUDES THAT:

A.      **Findings and Conclusions**.  The findings and conclusions set forth herein and on the record at the Confirmation Hearing constitute the Court's findings of fact and conclusions of law pursuant to Rule 52 of the Federal Rules of Civil Procedure, made applicable to this proceeding by

---

[2] All references to statutory code provisions reference the Bankruptcy Code unless otherwise noted.

Bankruptcy Rule 7052, made applicable herein by Bankruptcy Rule 9014. All findings of fact and conclusions of law announced by this Court at the Confirmation Hearing in relation to confirmation of the Plan are hereby incorporated into this Order. To the extent any of the Court's findings of fact constitute conclusions of law, they are adopted as such. To the extent any of the Court's conclusions of law constitute findings of fact, they are adopted as such.

B.   **Jurisdiction and Venue**. This Court has jurisdiction over this Case pursuant to 28 U.S.C. § 1334. Confirmation of the Plan and final approval of the Disclosure Statement is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(A), (B), (L) and (O), and this Court has jurisdiction to enter a final order with respect thereto. Venue is proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409.

C.   **Commencement of Case**. The Debtor commenced this Case in good faith and for appropriate purposes and has acted in good faith throughout the duration of the Case. No trustee or examiner has been appointed in this Case under Bankruptcy Code § 1104. No committee has been appointed in this Case under Bankruptcy Code § 1102.

D.   **Judicial Notice**. The Court takes judicial notice of the docket of this Case maintained by the Clerk of the Bankruptcy Court, including all pleadings, proofs of claim, reports, and other documents filed in this Case, all orders entered in this Case, all hearing transcripts in this Case, and all evidence and arguments made, proffered, or adduced at the hearings held before this Court during the pendency of this Case.

E.   **Compliance with Bankruptcy Code § 1125**.

i.   **Adequate Information – § 1125(a)**. The Disclosure Statement contains "adequate information," as such term is defined in Bankruptcy Code § 1125(a), with respect to the Debtors, the Plan, and the transactions contemplated therein. All Claimants were provided with

"adequate information," as defined in Bankruptcy Code § 1125, prior to the Debtor's Solicitation of votes on the Plan.

        ii.      **Solicitation – § 1125(b)**. The Debtor timely served solicitation packages to all Claimants and parties in interest in this Case consisting of the following documents:

- *Notice of (I) Combined Hearing to Consider Final Approval of Disclosure Statement and Confirmation of Debtor's Chapter 11 Plan; and (II) Deadlines and Other Important Information Related to Debtor's Chapter 11 Plan* [Dkt. #99];

- *Order (I) Conditionally Approving Debtor's Disclosure Statement; (II) Fixing Time for Voting on and Objecting to Debtor's Plan; (III) Scheduling a Combined Hearing on Final Approval of Disclosure Statement and Confirmation of Plan; (IV) Approving Forms of Ballot, Notices, and Other Solicitation Materials; and (V) Granting Related Relief* [Dkt. #96] (the **"Disclosure Statement Order"**);

- *Debtor's Disclosure Statement Pursuant to 11 U.S.C. § 1125* [Dkt. #91], including the *Debtor's Chapter 11 Plan of Liquidation* [Dkt. #90] attached thereto as Exhibit A and the *Liquidation Analysis* [Dkt. #91-2] attached thereto as Exhibit B; and

- either:

    (i) a *Notice to Claimants Not Entitled to Vote on Debtor's Chapter 11 Plan of Liquidation* in substantially the form attached to the Disclosure Statement Order as Exhibit B [Dkt. #96-2] (a **"Non-Voting Notice"**), including an Opt-Out Form attached thereto as Exhibit 1 (an **"Opt-Out Form"**) for opting out of the Releases (defined below) under the Plan, or

    (ii) a *Ballot for Voting to Accept or Reject Debtor's Chapter 11 Plan of Liquidation* in substantially the form attached to the Disclosure Statement Order as Exhibit A [Dkt. #96-1] (a **"Ballot"**), as applicable.

The Debtor's service of the solicitation packages and other Plan solicitation efforts (collectively, the **"Solicitation"**) was conducted in good faith and in compliance with the Bankruptcy Code, the Bankruptcy Rules, the Local Rules, the Disclosure Statement Order, and all other applicable non-bankruptcy rules, laws, and regulations applicable to the Solicitation. Transmittal and service of the solicitation packages was due, proper, adequate, timely, appropriate, and sufficient under the circumstances with respect to all Claimants and parties in interest in this Case. Votes to accept or reject the Plan have been solicited and tabulated fairly, in good faith, and in a manner consistent with the Disclosure Statement Order, the Bankruptcy Code, Bankruptcy Rules, and Local Rules.

iii.   **Service of Disclosure Statement – § 1125(c)**.  The Debtor served the same Disclosure Statement upon all Claimants in compliance with Bankruptcy Code § 1125(c).

iv.   **Good Faith Solicitation – § 1125(e)**.  The Debtor, its Professionals, and all other Persons involved in the Solicitation have acted in "good faith" within the meaning of section 1125(e) of the Bankruptcy Code and in compliance with the Disclosure Statement Order and the applicable provisions of the Bankruptcy Code, the Bankruptcy Rules, and the Local Rules with respect to the Plan and this Case in general, and are entitled to the protections afforded by Bankruptcy Code § 1125(e).

F.   **Compliance with Bankruptcy Code § 1122**.  The Plan provides for the separate classification of Claims against and Interests in the Debtor based upon differences in the legal nature and/or priority of such Claims and Interests.  The Plan's classification scheme complies with section 1122(a) of the Bankruptcy Code because the Claims or Interests in each Class are substantially similar to other Claims or Interests, as the case may be, in each such Class.  Valid business, factual, and legal reasons exist for separately classifying the Classes of Claims and Interests under the Plan; such classifications were not done for any improper purpose; and such classifications do not unfairly discriminate between the holders of Claims or Interests.

G.   **Compliance with Bankruptcy Code § 1123(a)**.

i.   **Designation of Classes of Claims and Interests – § 1123(a)(1)**.  The Plan complies with Bankruptcy Code § 1123(a)(1) in that it designates the various Classes of Claims and Interests under the Plan, as further set forth in the preceding paragraph.

ii.   **Specify Unimpaired Classes – § 1123(a)(2)**.  The Plan complies with Bankruptcy Code § 1123(a)(2) in that it designates Classes that are Unimpaired (and Classes that are Impaired).  Unimpaired and Impaired Classes are further designated in the chart in Section 2.03 of the Plan.

iii. **Specify Treatment of Impaired Classes – § 1123(a)(3)**. The Plan complies with Bankruptcy Code § 1123(a)(3) in that it clearly explains the treatment for each Class of Claims and Interests under the Plan, including Impaired Classes.

iv. **No Discrimination – § 1123(a)(4)**. The Plan complies with Bankruptcy Code § 1123(a)(4) in that all Claims or Interests, as applicable, within a particular Class are treated the same as all other Claims or Interests within such Class (without regard to any rights a Claimant may hold against third parties), unless the holder of a particular Claim or Interest has agreed to less favorable treatment of its Claim or Interest.

v. **Adequate Means of Implementation – § 1123(a)(5)**. The Plan complies with Bankruptcy Code § 1123(a)(5) in that it provides in detail the means for implementation of the Plan.

vi. **Prohibition on Issuance of Non-Voting Securities - § 1123(a)(6)**. The Plan complies with Bankruptcy Code § 1123(a)(6) in that it does not contemplate the issuance of any Interests in the Debtors. The Plan provides for all Interests to be cancelled and extinguished upon the Effective Date.

vii. **Directors and Officers – § 1123(a)(7)**. The Plan complies with Bankruptcy Code § 1123(a)(7) in that the Wind-Down Debtor will exist solely for the limited purposes of winding up and dissolving under the Plan. All of the Debtor's directors, officers, and managers will be terminated and eliminated as of the Effective Date without any further corporate action, notice, or order of the Court, at which point the Wind-Down Debtor will be managed exclusively by the Liquidating Trustee pursuant to the Plan, this Order and Liquidating Trust Agreement. The Plan is consistent with the interests of Claimants and with public policy.

viii. **Payments to Creditors – § 1123(a)(8)**. Bankruptcy Code § 1123(a)(8) is inapplicable in that the Debtor is not an individual.

H.    **Compliance with Bankruptcy Code § 1123(b)**.  All of the Plan's provisions are consistent with Bankruptcy Code § 1123(b), including, without limitation, the following:

i.    **Impaired and Unimpaired Claims/Interests**.  The Plan Impairs certain Classes of Claims and Interests and leaves other Classes Unimpaired in accordance with Bankruptcy Code § 1123(b)(1).  Classes 1, 2, 3, and 4 are Unimpaired, and Class 5 is Impaired.  The Plan's modification of the rights of holders of Impaired Claims and Interests complies with Bankruptcy Code § 1123(b)(5).

ii.    **Releases, Exculpation, and Injunction**.

a.    Debtor Release.  The Plan effects a release of the Released Parties from any Claims and Causes of Action held by the Debtor, the Estate, or the Wind-Down Debtor that arose prior to the Effective Date (subject to and as more fully set forth in Section 15.04(1) of the Plan, the **"Debtor Release"**).  The Debtor Release does not release any party from Claims or Causes of Action determined by Final Order to be the result of fraud, gross negligence, or willful misconduct, and it does not release any Claims or Causes of Action related to the Partnership Litigation.  The Debtor Release is critical to the successful implementation and confirmation of the Plan; the Debtor Release is fair, reasonable, and in the best interests of the Debtors and Estates; and the Debtor Release is appropriate under the circumstances of this Case.  The Debtor Release was negotiated in good faith and constitutes a valid exercise of the Debtor's business judgment in this Case and is permissible under Bankruptcy Code § 1123(b).

b.    Non-Debtor Release.  The Plan effects a release of the Debtors, the Estates, and the Released Parties from any Claims and Causes of Action held by the Releasing Parties that arose prior to the Effective Date (subject to and as more fully set forth in Section 15.04(2) of the Plan, the **"Non-Debtor Release"**, and collectively with the Debtor Release, the **"Releases"**).  The Non-Debtor Release does not release any party from Claims or Causes of Action determined by Final

Order to be the result of fraud, gross negligence, or willful misconduct, and it does not release any Claims or Causes of Action related to the Partnership Litigation. The Non-Debtor Release was conspicuously noticed in the Plan, Disclosure Statement, Ballots, and Non-Voting Notices. The Non-Debtor Release is consensual in that all holders of Claims or Interests (including holders of Administrative Claims and Priority Tax Claims) were given the chance to opt out of the Non-Debtor Release by checking the appropriate box on their Ballot or Opt-Out Form. Additionally, the Plan provides significant compensation in exchange for the Non-Debtor Releases, including, *inter alia*, payment in full of all Allowed Claims. The Non-Debtor Release is an integral part of the Plan and is permissible under Bankruptcy Code § 1123(b).

    c. <u>Exculpation</u>. The Plan provides for an exculpation limiting the liability of the Exculpated Parties for acts or omissions in connection with, among other things, this Case, the commencement and administration of this Case, or the negotiation or implementation of the Plan, save and except for acts determined by Final Order to be the result of intentional fraud, criminal conduct, gross negligence, or willful misconduct (subject to and as more fully described in Section 15.04(3) of the Plan, the **"Exculpation"**). The Exculpation is appropriate and vital to the Plan because it provides protection to those parties who served as fiduciaries during this Case or made substantial and critical contributions to the Sale and/or the Plan. The Exculpation prevents future collateral attacks against those who have worked to maximize the Estate and, therefore, the Exculpation is appropriate and consistent with applicable law. The Exculpation is permissible under Bankruptcy Code § 1123(b).

    d. <u>Injunction</u>. The Plan permanently enjoins parties from pursuing or enforcing any Claims or Interests that are released or exculpated under the terms of the Plan (as more fully described in Section 15.05 of the Plan, the **"Injunction"**), which is a key component of the Plan

necessary to implement the Releases and Exculpation. Without the injunction, the Plan's Release and Exculpation would lose their impact. The Injunction is permissible under Bankruptcy Code § 1123(b).

   e. Each of the Releases, Exculpation, and Injunction constitute good faith compromises and settlements of the matters covered thereby, and each (i) is within the jurisdiction of the Court under 28 U.S.C. § 1334; (ii) is an essential means of implementing the Plan under Bankruptcy Code § 1123(a)(5); (iii) is an integral element of the resolution of this Case and implementation of the Plan; (iv) is supported by extensive consideration; (v) is fair, equitable, reasonable, and in the best interests of the Debtor, its Estates, and Claimants; and (vi) is consistent with Bankruptcy Code, Bankruptcy Rules, and applicable law. The record of the Confirmation Hearing and this Case is sufficient to support the Releases, Exculpation, and Injunction.

   iii. **Settlement of Claims and Interests**. Pursuant to Bankruptcy Code § 1123 and Bankruptcy Rule 9019, and in consideration for the classification, Distributions, Releases, and other benefits provided under the Plan, on the Effective Date, the provisions of the Plan (including, the Releases, Exculpation, and Injunction) shall constitute a good-faith compromise and settlement of all controversies, Claims, and Interests resolved under the Plan. The Plan represents a valid compromise of Claims and Interests that is fair and equitable and in the best interests of the Estate. The settlements and compromises of Claims, Interests, and/or controversies contained in or incorporated into the Plan (each such settlement and compromise, a **"Settlement,"** and collectively, the **"Settlements"**) are necessary to, and are an integral and essential element of, the Plan and its consummation, and the terms and conditions of such Settlements are fair and reasonable under the circumstances. The performance of the terms thereof is authorized, and the parties are directed to consummate the same. The Settlements are the product of arm's-length negotiation, and have been proposed in good faith, for legitimate business purposes, are supported by reasonably equivalent value and fair consideration and reflects the Debtor's exercise of reasonable business judgment. Entry into

and consummation of the Settlements is in the best interests of the Debtor, its Estate, and Claimants. The Debtor has provided all interested parties with sufficient and adequate notice and an opportunity to object and to be heard with respect to the Settlements. The Settlements are permissible under Bankruptcy Code § 1123(b).

I. **Compliance with Bankruptcy Code § 1123(c)-(d).** Bankruptcy Code § 1123(c) is not applicable because the Debtor is not an individual. The Plan complies with Bankruptcy Code § 1123(d) in that any Executory Contracts or Unexpired Leases assumed by the Debtors under the Plan (if any) will be cured in accordance with Bankruptcy Code § 365(b), the provisions of such contract or lease, and applicable law (or as otherwise agreed to by the Debtors and the counterparty thereto).

J. **Compliance with Bankruptcy Code § 1129**.

i. **Plan's Compliance with Bankruptcy Code – § 1129(a)(1)**. The Plan complies with all applicable provisions of the Bankruptcy Code, thereby satisfying section 1129(a)(1) of the Bankruptcy Code.

ii. **Debtor's Compliance with Bankruptcy Code – § 1129(a)(2)**. The Debtor has complied with all applicable provisions of the Bankruptcy Code, Bankruptcy Rules, and Local Rules in proposing and soliciting votes on the Plan, including Bankruptcy Code §§ 1122, 1123, and 1125. The Debtor is an eligible debtor under section 109 of the Bankruptcy Code.

iii. **Plan Proposed in Good Faith – § 1129(a)(3)**. The Debtor has proposed the Plan and all Plan Documents in good faith and not by any means forbidden by law, as evidenced by, *inter alia*, the facts and record of this Case, the Disclosure Statement, the record made at the Confirmation Hearing, and the other proceedings in this Case. The Plan's classification, indemnification, Exculpation, Releases, and Injunction provisions have been negotiated in good faith and at arm's-length; such provisions are consistent with Bankruptcy Code §§ 105, 1122, 1123(b)(6),

1125, 1129, and 1142; and each provision is necessary for the success of the Plan.  None of the Plan's provisions were included for any improper purpose.

      iv.    **Payment for Services or Costs and Expenses – § 1129(a)(4)**.  The Plan complies with Bankruptcy Code § 1129(a)(4) in that any payments to be made by the Debtor or Liquidating Trustee for services or for costs and expenses in connection with or incident to this Case is approved by, or subject to the approval of, the Court as reasonable.

      v.    **Directors, Officers, and Insiders – § 1129(a)(5)**.  The Debtor has complied with Bankruptcy Code § 1129(a)(5) in that the Plan identifies Erik White as the Liquidating Trustee, and the Liquidating Trustee's powers and duties are clearly set forth in the Plan and Liquidating Trust Agreement.  The Liquidating Trustee's appointment is consistent with the interests of all Claimants and with public policy.

      vi.    **No Rate Changes – § 1129(a)(6)**.  Bankruptcy Code § 1129(a)(6) is not applicable to the Debtor or the Plan.

      vii.    **Best Interest of Creditors – § 1129(a)(7)**.  The Plan satisfies Bankruptcy Code § 1129(a)(7) in that, as demonstrated by the Liquidation Analysis [Dkt. #91-2] attached as Exhibit B to the Disclosure Statement, each Impaired Claimant that has not accepted the Plan will, on account of such Claim or Interest, receive or retain property under the Plan having a value, as of the Effective Date, that is at least equal to the amount that such Claimant would receive or retain if the Debtor's Estate was liquidated under Chapter 7 of the Bankruptcy Code.

      viii.    **Acceptance of Plan – § 1129(a)(8)**.  Claims in Classes 1, 2, 3, and 4 are Unimpaired and deemed to accept the Plan pursuant to Bankruptcy Code § 1126(f).  Interests in Class 5 are Impaired under the Plan, and Class 5 has not voted to accept the Plan.  However, the Plan satisfies the requirements for confirmation under the "cram down" provisions of Bankruptcy Code § 1129(b).

ix.    **Administrative Claims and Priority Tax Claims – § 1129(a)(9)**.  The Plan complies with Bankruptcy Code § 1129(a)(9) in that (except to the extent a Claimant agrees to less favorable treatment) it provides for all Allowed Administrative Claims and Allowed Priority Tax Claims to be paid in full on the Effective Date, or such later date in accordance with the Plan and § 1129(a)(9)(C)-(D), and for Professional Fee Claims that are not Allowed as of the Effective Date to be paid in full upon allowance by the Bankruptcy Court.

x.    **Acceptance by Impaired Class of Claims – § 1129(a)(10)**.  Bankruptcy Code § 1129(a)(10) is satisfied in that there are no Impaired Classes of Claims under the Plan.

xi.    **Feasibility – § 1129(a)(11)**.  Bankruptcy Code § 1129(a)(11) is satisfied in that the Plan is feasible and provides for the liquidation, Wind-Down, and dissolution of the Debtor. Specifically, the record demonstrates that the Sale Proceeds are sufficient to pay all anticipated Allowed Claims under the Plan in full.

xii.    **U.S. Trustee Fees – § 1129(a)(12)**.  The Plan satisfies Bankruptcy Code § 1129(a)(12) in it provides for all U.S. Trustee Fees that are currently due and payable, as determined by the Court, to be paid by the Debtors and/or Liquidating Trustee on or before the Effective Date, and for all U.S. Trustee Fees coming due after the Effective Date to be paid by the Liquidating Trustee when due.

xiii.    **Retiree Benefits – § 1129(a)(13)**.  Bankruptcy Code § 1129(a)(13) is not applicable because the Plan provides for the liquidation of the Debtor and for all of the Partnership Interests to be terminated and cancelled as of the Effective Date.

xiv.    **Domestic Support Obligations – § 1129(a)(14)**.  Bankruptcy Code § 1129(a)(14) is not applicable because the Debtor does not have any domestic support obligations.

xv.    **Payments by Individual Debtors – § 1129(a)(15)**.  Bankruptcy Code § 1129(a)(15) is not applicable because the Debtor is not an individual.

FINDINGS OF FACT, CONCLUSIONS OF LAW, AND ORDER (I) APPROVING DISCLOSURE STATEMENT
ON A FINAL BASIS AND (II) CONFIRMING DEBTOR'S CHAPTER 11 PLAN OF LIQUIDATION

PAGE 12 OF 23
9993890 v2 (73906.00003.000)

xvi.   **Transfers of Property – § 1129(a)(16)**.  Bankruptcy Code § 1129(a)(16) is not applicable because the Debtor is not a non-profit corporation or trust.  However, all transfers of property contemplated by the Plan are to be made in accordance with applicable nonbankruptcy law governing the transfer of such property.

xvii.   **Non-Consensual Confirmation (Cram Down) – § 1129(b)**.  Class 5 is the only Impaired Class under the Plan.  The Plan does not discriminate unfairly and is fair and equitable with respect to Class 5, and all Interests in Class 5 are treated the same.  There are no Interests junior to the Interests in Class 5 that will receive or retain any property under the Plan.  Further, the Plan provides for each holder of an Allowed Cancelled Interest to receive the value of its Interest in that, as further set forth in the Plan, such holders will receive their Pro Rata share of the Liquidating Trust Assets remaining after satisfaction of all Allowed Claims under the Plan.  Accordingly, the Plan may be confirmed under Bankruptcy Code § 1129(b).

xviii.   **One Plan – § 1129(c)**. Bankruptcy Code § 1129(c) is satisfied in that the Plan is the only Chapter 11 plan subject to confirmation in this Case.

xix.   **Purpose of the Plan – § 1129(d)**.  Bankruptcy Code § 1129(d) is satisfied in that the principal purpose of the Plan is not the avoidance of taxes or the avoidance of the application of section 5 of the Securities Act of 1933.

xx.   **Small Business Cases – § 1129(e)**.  The Debtor filed the Plan and the Disclosure Statement less than 300 days after the Petition, in compliance with Bankruptcy Code §§ 1129(e) and 1121(e)(2).

K.   **Compliance with Bankruptcy Rule 3016**.  The requirements of Bankruptcy Rule 3016 have been met in that (a) the Plan is dated and identifies the Debtor as the Plan proponent, (b) the Debtor appropriately filed the Disclosure Statement and the Plan with this Court, and (c) the

discharge, release, injunction, and exculpation provisions of the Plan are set forth in bold and with specific and conspicuous language.

L.    **Burden of Proof**. Based on the record of this Case: (i) the Debtor has met its burden of proving each element of section 1129(a) and/or (b) of the Bankruptcy Code by a preponderance of the evidence; (ii) the Debtor has complied with all applicable provisions of the Bankruptcy Code, Bankruptcy Rules, and Local Rules with respect to the Plan and Disclosure Statement and its solicitation of votes on the Plan; (iii) the Plan satisfies all applicable provisions of the Bankruptcy Code, Bankruptcy Rules, and Local Rules, including, without limitation, sections 1122, 1123, and 1129 of the Bankruptcy Code; and (iv) the Disclosure Statement satisfies all applicable provisions of the Bankruptcy Code, Bankruptcy Rules, and Local Rules, including, without limitation, 1125 of the Bankruptcy Code.

M.    **Sound Business Judgment**. Consummation of the Plan is a sound exercise of the Debtor's business judgment. The terms and provisions of the Plan and Plan Documents are in the best interest of the Debtor, its Estate, and Claimants.

N.    **Objections**. All parties and parties-in-interest have had a full and fair opportunity to file objections to confirmation of the Plan and/or final approval of the Disclosure Statement and to litigate any such objections.

Based upon the foregoing, the Court finds that all requirements for confirmation of the Plan and final approval of the Disclosure Statement have been satisfied. Accordingly,

### IT IS HEREBY ORDERED, ADJUDGED AND DECREED THAT:

1.    **CONFIRMATION OF PLAN**. The Plan attached hereto as **Exhibit A** is hereby **CONFIRMED** in all respects under Bankruptcy Code § 1129. The terms and provisions of the Plan are incorporated by reference into, and made an integral part of, this Order as the same were fully set forth herein. The failure to specifically reference any particular section or provision of the Plan or the

Plan Documents in this Order shall not diminish or impair the effectiveness or enforceability of such section or provision nor constitute a waiver thereof, it being the intent of this Court that the Plan is confirmed in its entirety and incorporated herein by reference.

2.    **APPROVAL OF DISCLOSURE STATEMENT**.    The Disclosure Statement is hereby **APPROVED** in all respects on a final basis.

3.    **APPROVAL OF PLAN DOCUMENTS**.  All of the Plan Documents are hereby authorized and **APPROVED**, including, without limitation, the Liquidating Trust Agreement in substantially the form attached hereto as **Exhibit B**.    The terms and provisions of the Plan Documents are incorporated by reference into, and made an integral part of, this Order as the same were fully set forth herein.  Subject to the terms of the Plan, the Debtors reserve the right to alter, amend, update, or modify the Plan Documents prior to the Effective Date.  For the avoidance of doubt, the Liquidating Trust Agreement is included within the meaning of "Plan Documents," as used herein.

4.    **OBJECTIONS**.  All objections to confirmation of the Plan or final approval of the Disclosure Statement (including any reservations of rights therein) that have not been withdrawn, waived, settled, or otherwise resolved are hereby overruled on the merits and denied for all purposes.

5.    **ORDER EFFECTIVE IMMEDIATELY**.  Notwithstanding the provisions of Bankruptcy Rules 3020(e), 6004(h), 6006(d), 7062, or otherwise, this Order and all terms and provisions hereof shall be effective immediately upon entry.  The Debtor, Wind-Down Debtor, and Liquidating Trustee, and each of their respective advisors, attorneys, employees, agents, and representatives, are authorized to take all actions necessary to consummate the Plan and all agreements, Settlements, and transactions contemplated thereby.

6.    **SUBSTANTIAL CONSUMMATION**.    The Plan shall be deemed substantially consummated as of the Effective Date under Bankruptcy Code §§ 1101 and 1127(b).

7.    **BINDING EFFECT**.  In accordance with Bankruptcy Code § 1141, and immediately upon entry of this Order, the provisions of the Plan (including the Plan Documents) and this Order shall be binding upon any past, present, or future Claimant, including counterparties to the Debtor's Executory Contracts and Unexpired Leases, whether or not such Claimant is Impaired under the Plan, whether known or unknown, and whether or not such Claimant has accepted the Plan.  The terms of the Plan and the Plan Documents shall be effective and binding as of the Effective Date, notwithstanding any otherwise applicable non-bankruptcy law.  Subject to the terms of the Plan and this Order, all prior orders of this Court entered in this Case, all documents and agreements executed by the Debtors as authorized and directed thereunder, and all motions or requests for relief by the Debtors pending before the Court as of the Effective Date shall be, and hereby are, binding on and shall inure to the benefit of the Liquidating Trustee and Wind-Down Debtor.  Under sections 1123(a) and 1142(a) of the Bankruptcy Code, the provisions of this Order, the Plan and the Plan Documents shall apply and be enforceable notwithstanding any otherwise applicable non-bankruptcy law.

8.    **LIQUIDATING TRUSTEE**.  Erik White is hereby approved as the Liquidating Trustee and authorized to take any and all actions contemplated of the Liquidating Trustee under this Order, the Plan, and/or the Liquidating Trust Agreement.  The Liquidating Trustee shall have all powers, duties, rights, and privileges as provided in the Plan and the Liquidating Trust Agreement.  All of the rights, powers, and duties of the Partners shall vest in the Liquidating Trustee with respect to the Wind-Down Debtor upon the Effective Date, as further provided in the Plan.  The Liquidating Trustee, on behalf of the Liquidating Trust, shall have standing and the right, power, and interest to pursue, settle, waive, release, abandon, or dismiss the Actions (as defined below) and shall be the Estate's representative under section 1123(b)(3) of the Bankruptcy Code with respect to the Actions. The Liquidating Trustee shall further have the authority, at his sole discretion, to assign derivative standing to pursue any of the Actions to any person or entity so long as the Liquidating Trustee

reasonably believes that the assignment of such standing will assist in or expedite the resolution of disputes pertaining to Class 5 Interests.

9.      **VESTING OF ASSETS**.    Pursuant to Bankruptcy Code § 1141(b) and (c), and in accordance with the Plan, all of the Debtor's Assets, including, without limitation, the Avoidance Actions and all of the Debtor's other Claims and Causes of Action against third parties, shall vest in the Liquidating Trust on the Effective Date free and clear of all Claims, Liens, Causes of Action, encumbrances, charges, and other interests.

10.     **RETENTION OF CAUSES OF ACTION/RESERVATION OF RIGHTS**.    Subject to the terms of the Plan, and except as otherwise released by the Plan, all of the Debtor's or Estate's Claims and Causes of Action against third parties, including, without limitation, the Avoidance Actions, (collectively, **"Actions"**) shall survive Confirmation and the commencement of prosecution of Actions shall not be barred or limited by any res judicata or estoppel, whether judicial, equitable or otherwise, based on, *inter alia*, confirmation of the Plan or the extent to which the Plan, the Disclosure Statement, the Bankruptcy Schedules, or the Debtor's Statements of Financial Affairs identify any Actions.  The Liquidating Trustee and/or Wind-Down Debtor's right to commence and prosecute Actions not otherwise released by the Plan shall not be abridged or materially altered in any manner by reason of confirmation of the Plan.

11.     **PROPERTY OF THE DEBTORS**.    The Liquidating Trustee has express authority to convey, transfer, and assign any and all property of the Debtors consistent with the terms of the Plan and Liquidating Trust Agreement, and to take all actions necessary to effectuate the same.

12.     **DISSOLUTION OF DEBTORS**.    Upon the Effective Date, as set forth in the Plan, the Liquidating Trustee shall complete the Wind-Down as expeditiously as practicable without the necessity for (a) any other or further actions to be taken by or on behalf of the Wind-Down Debtor or (b) any payments to be made in connection therewith subject to the filing of a certificate of

dissolution with the appropriate Governmental Unit. The Liquidating Trustee may take all appropriate or necessary actions to dissolve the Debtors and complete the Wind-Down at any time following the Effective Date, notwithstanding whether any Distributions remain to be paid under the Plan, if the Liquidating Trustee finds the same to be in the best interests of the Estate and Claimants.

13. **NOTICE OF CONFIRMATION AND EFFECTIVE DATE**. Within two (2) Business Days after the Effective Date, the Wind-Down Debtor shall File a notice advising of (a) the entry of this Order; (b) the occurrence of the Effective Date; (c) the last date to File Professional Fee Claims; and (d) the last date to File Rejection Claims arising from the rejection of any Executory Contracts or Unexpired Leases pursuant to the Plan (the **"Notice of Effective Date"**). The Wind-Down Debtor shall serve the Notice of Effective Date via regular U.S. mail, postage prepaid, upon all parties set forth on the master mailing matrices for this Case, and such service shall be sufficient to apprise all parties in interest of the applicable Claims Bar Dates and all other information contained in the Notice of Effective Date.

14. **EXECUTORY CONTRACTS AND UNEXPIRED LEASES**. Pursuant to Section 10.01 of the Plan, the Debtor is hereby deemed to have rejected, as of the Effective Date, each Executory Contract or Unexpired Lease that is not an Assigned Contract or that was not previously assumed, assumed and assigned, or rejected pursuant to an Order of the Bankruptcy Court or that is not designated for assumption, assumption and assignment, or rejection pursuant to the Supplemental Assumption-Rejection Notice.

15. **DISTRIBUTIONS**. All Distributions shall be made in accordance with Plan. The Debtor, Wind-Down Debtor, and Liquidating Trustee, as applicable, are hereby authorized to make any and all Distributions contemplated under the Plan and pay all Liquidating Trustee Expenses in accordance with the Plan and Liquidating Trust Agreement.

16. **DISTRIBUTION RECORD DATE**. The record date for Distributions under the Plan (the **"Record Date"**) shall be the Effective Date. Neither the Debtor, Wind-Down Debtor, nor the Liquidating Trustee shall have any obligation to recognize any transfer of Claims or Interests after the Record Date and shall instead be entitled to rely upon the Claims Register in this Case and/or the Bankruptcy Schedules for all purposes related to Distributions under the Plan.

17. **GENERAL AUTHORIZATION**. Upon the Effective Date, all actions contemplated under the Plan shall be deemed authorized and approved in all respects without any further action by any person or entity or any further Order of this Court.

18. **PAYMENT OF STATUTORY FEES**. All U.S. Trustee Fees currently due and payable, if any, shall be paid by the Wind-Down Debtor or the Liquidating Trustee on the Effective Date. Thereafter, the Liquidating Trustee shall pay U.S. Trustee Fees as such fees become due.

19. **GOVERNMENTAL APPROVALS NOT REQUIRED**. This Order shall constitute all approvals and consents required, if any, by the laws, rules, and regulations of any state or any other governmental authority with respect to the implementation or consummation of the Plan and any documents, instruments, or agreements, and any amendments or modifications thereto.

20. **GOVERNMENTAL EXCEPTIONS**. Nothing in this Order, the Plan, or any related documents discharges, releases, precludes or enjoins: (i) any police or regulatory liability to a Governmental Unit that is not a Claim; (ii) any Claim of a Governmental Unit arising on or after the Confirmation Date; (iii) any liability to a Governmental Unit under police and regulatory statutes or regulations that any entity would be subject to as the owner or operator of property after the Confirmation Date; or (iv) any liability to a Governmental Unit on the part of any non-debtor. Nor shall anything in this Order or the Plan enjoin or otherwise bar a Governmental Unit from asserting or enforcing, outside this Court, any liability described in the preceding sentence. Nothing in this Order or the Plan shall affect any setoff or recoupment rights of any Governmental Unit. Nothing in

this Order divests any tribunal of any jurisdiction it may have under police or regulatory law to interpret this Order or the Plan or to adjudicate any defense asserted under this Order or the Plan. Nor shall anything in this Order, the Plan, or any related documents authorize the transfer or assignment of any governmental (i) license, (ii) permit, (iii) registration, (iv) authorization, (v) certification, or (vi) approval, or the discontinuation of any obligation thereunder, without compliance with all applicable legal requirements under nonbankruptcy laws, regulations, and rules (including police or regulatory law or environmental law, or otherwise).

21.  **FILING AND RECORDING**.  This Order (a) is and shall be effective as a determination that, on the Effective Date, all Claims and Interests existing prior to such date have been unconditionally released, discharged, and terminated, except as otherwise provided in the Plan; and (b) is and shall be binding upon and shall govern the acts of all entities including, without limitation, all filing agents, filing officers, title agents, title companies, recorders of mortgages, recorders of deeds, registrars of deeds, administrative agencies, governmental departments, secretaries of state, federal, state, and local officials, and all other persons and entities who may be required, by operation of law, the duties of their office, or contract, to accept, file, register, or otherwise record or release any document or instrument.  Each and every federal, state, and local government agency is hereby directed to accept any and all documents and instruments necessary, useful, or appropriate (including Uniform Commercial Code financing statements) to effectuate, implement, and consummate the transactions contemplated by the Plan and this Order without payment of any recording tax, stamp tax, transfer tax, or similar tax imposed by state or local law, including, but not limited to, the transfer of any Assets or Available Cash pursuant to the Plan.

22.  **EXEMPTION FROM TRANSFER TAXES**.  Pursuant to Bankruptcy Code § 1146(a), the issuance, transfer, or exchange of notes or equity securities under or in connection with the Plan, the creation of any mortgage, deed of trust or other security interest, the making or assignment of any

lease or sublease, or the making or delivery of any deed or other instrument of transfer under, in furtherance of, or in connection with the Plan, including any merger agreements or agreements of consolidation, deeds, bills of sale, or assignments executed in connection with any of the transactions contemplated under the Plan, shall not be subject to any stamp, real estate transfer, mortgage recording, or other similar tax.  All transactions consummated by the Debtor and approved by the Court on and after the Petition Date through and including the Effective Date, including the transfers effectuated under the Plan, the Sale, and the assumption and assignment by the Debtors of Executory Contracts and Unexpired Leases pursuant to Bankruptcy Code § 365(a), shall be deemed to have been made under, in furtherance of, or in connection with the Plan and, thus, shall not be subject to any stamp, real estate transfer, mortgage recording, or other similar tax.

23.    **EXCULPATION, RELEASES, AND INJUNCTION**.  As of the Effective Date, except for the rights that remain in effect from and after the Effective Date to enforce the Plan, the Exculpation, Releases, and Injunction embodied in the Plan (including those contained in Sections 15.04, 15.05, and 15.08) are hereby approved as set forth in the Plan.  Notwithstanding the foregoing or anything else contained in this Order, the Releases under the Plan shall not in any way affect (a) any Claims or Causes of Action related to the Partnership Litigation, (b) any of the Debtors' Causes of Action against Barnhill or Kirtland, or (c) any derivative Causes of Action on behalf of the Partners related to the determination of Partnership Interests or other matters at issue in the Partnership Litigation.  For the avoidance of doubt, the Partnership Litigation is not implicated in any way by the Injunction found in Section 15.05 of the Plan.

24.    **SETTLEMENT OF CLAIMS AND INTERESTS**.  Pursuant to Bankruptcy Code § 1123 and Bankruptcy Rule 9019, and in consideration for the classification, Distributions, Releases, and other benefits provided under the Plan, on the Effective Date, the provisions of the Plan (including, without limitation, the Releases, Exculpation, and Injunction) shall constitute a good-faith

compromise and settlement of all controversies, Claims, and Interests resolved pursuant to the Plan. The global Settlement of Claims and Interests set forth in the Plan and all other Settlements under the Plan and this Order are hereby approved pursuant to Bankruptcy Code § 1123(b) and Bankruptcy Rule 9019. The parties are authorized and directed to take such other actions as may be necessary to effectuate the same, and perform all obligations contemplated thereby.

25.    **SETOFF**.  Sections 15.08 (Setoff) and Section 15.09 (Recoupment) of the Plan are proper and approved, and such Sections shall govern for purposes of determining rights of recoupment, setoff, and setoff mutuality under applicable law.  The rights of the Debtor, Wind-Down Debtor, and Liquidating Trustee to dispute any alleged right of recoupment or setoff is preserved in all respects.

26.    **RETENTION OF JURISDICTION**.  Pursuant to Bankruptcy Code §§ 105(a) and 1142, notwithstanding confirmation of the Plan or occurrence of the Effective Date, this Court retains jurisdiction over this Case and related matters, as legally permissible, to the full extent provided in the Plan.

27.    **REVERSAL**.  Except as otherwise provided herein, if any provision of this Order is hereafter reversed, modified, vacated, or stayed by subsequent order of this Court or any other court, such reversal, stay, modification or vacatur shall not affect the validity or enforceability of any act, obligation, indebtedness, liability, priority, or lien incurred or undertaken by the Debtor or Liquidating Trustee prior to the effective date of such reversal, stay, modification, or vacatur. Notwithstanding any reversal, stay, modification, or vacatur of this Order, any act or obligation incurred or undertaken pursuant to, or in reliance on, this Order prior to the effective date of such reversal, stay, modification, or vacatur shall be governed in all respects by the provisions of this Order and the Plan or any amendments or modifications thereto, and shall remain binding.

28.    <u>**CONFLICTS**</u>.  The provisions of the Plan and this Order shall be construed in a manner consistent with each other so as to effect the purposes of each; *provided, however*, that in the event of any inconsistency among the Plan and the Disclosure Statement (or any exhibit or schedule to the Disclosure Statement), the provisions of the Plan shall govern.  In the event of any inconsistency between the Plan and this Order, this Order shall govern.  The provisions of this Order are integrated with each other and are non-severable and mutually dependent unless expressly stated by further order of the Court.

### END OF ORDER ###

*Prepared and submitted by*:

John J. Kane (SBN 24066794)
Kyle Woodard (SBN 24102661)
JaKayla J. DaBera (SBN 24129114)
**KANE RUSSELL COLEMAN LOGAN PC**
Bank of America Plaza
901 Main Street, Suite 5200
Dallas, Texas 75202
Tel.: (214) 777-4200
Fax: (214) 777-4299
Email: jkane@krcl.com
Email: kwoodard@krcl.com
Email: jdabera@krcl.com

**ATTORNEYS FOR DEBTORS AND
DEBTORS-IN-POSSESSION**