John J. Kane (SBN 24066794)
Kyle Woodard (SBN 24102661)
JaKayla J. DaBera (SBN 24129114)
**KANE RUSSELL COLEMAN LOGAN PC**
Bank of America Plaza
901 Main Street, Suite 5200
Dallas, Texas 75202
Telephone: (214) 777-4200
Telecopier: (214) 777-4299
Email: jkane@krcl.com
Email: kwoodard@krcl.com
Email: jdabera@krcl.com

**COUNSEL FOR ERIK WHITE, TRUSTEE
OF THE LIQUIDATING TRUST**

# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE NORTHERN DISTRICT OF TEXAS
# DALLAS DIVISION

| | | |
|---|---|---|
| **In re:** | § | **Chapter 11** |
| | § | |
| **UNIVERSAL REHEARSAL PARTNERS, LTD.,** | § § § | **Case No. 22-31966** |
| | § | |
| Debtor. | § | |

## LIQUIDATING TRUSTEE'S MOTION FOR AUTHORITY
## TO RETURN TENANT SECURITY DEPOSITS

**NO HEARING WILL BE CONDUCTED HEREON UNLESS A WRITTEN RESPONSE IS FILED WITH THE CLERK OF THE UNITED STATES BANKRUPTCY COURT AT 1100 COMMERCE ST., RM. 1254, DALLAS, TX 75242 BEFORE CLOSE OF BUSINESS ON MAY 16, 2023, WHICH IS AT LEAST 21 DAYS FROM THE DATE OF SERVICE HEREOF.**

**ANY RESPONSE SHALL BE IN WRITING AND FILED WITH THE CLERK, AND A COPY SHALL BE SERVED UPON COUNSEL FOR THE MOVING PARTY PRIOR TO THE DATE AND TIME SET FORTH HEREIN. IF A RESPONSE IS FILED A HEARING MAY BE HELD WITH NOTICE ONLY TO THE OBJECTING PARTY.**

**IF NO HEARING ON SUCH NOTICE OR MOTION IS TIMELY REQUESTED, THE RELIEF REQUESTED SHALL BE DEEMED TO BE UNOPPOSED, AND THE COURT MAY ENTER AN ORDER GRANTING THE RELIEF SOUGHT OR THE NOTICED ACTION MAY BE TAKEN.**

Erik White, in his capacity as trustee (the "**Trustee**") of the Universal Rehearsal Partners Liquidating Trust (the "**Liquidating Trust**"), successor to Universal Rehearsal Partners, Ltd. (the "**Debtor**") in the above-captioned chapter 11 bankruptcy case, files this *Motion for Authority to Return Tenant Security Deposits* (the "**Motion**") and, in support hereof, respectfully states as follows:

## JURISDICTION & VENUE

1. This Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2). Venue is proper in this Court pursuant to 28 U.S.C. §§ 1408 and 1409.

## PROCEDURAL HISTORY

2. On October 21, 2022 (the "**Petition Date**"), the Debtor filed a voluntary petition for relief in this Court under Chapter 11 of Title 11 of the United States Code (the "**Bankruptcy Code**"). A description of the Debtor's business operations, prepetition indebtedness, and the events leading to the filing of this case is set forth in the *Declaration of John Kirtland, Debtor's Limited Partner* [Dkt. #8] and the *Declaration of Marcus Morriss of Q PM, LLC, Debtor's General Partner* [Dkt. #9] (together, the "**First Day Declarations**"). Marcus Morriss ("**Morris**") is the manager of Q PM, LLC ("**QPM**"), which was the Debtor's general partner as of the Petition Date.

3. On February 24, 2023, the Debtor filed its *Chapter 11 Plan of Liquidation* [Dkt. #90] (the "**Plan**"). On April 5, 2023, the Court entered an order confirming the Plan [Dkt. #118] (the "**Confirmation Order**") and approving the Liquidating Trust Agreement attached thereto as Exhibit B (the "**Trust Agreement**"), among other things.

4. The Plan became effective on April 10, 2023 (the "**Effective Date**"). *See* Dkt. #121.

5. The Liquidating Trust was formed as of the Effective Date, pursuant to the Plan and the Confirmation Order, and is governed by the provisions of the Plan and the Trust Agreement dated April 10, 2023, between the Debtor and the Trustee.

**FACTUAL BACKGROUND**

6. The Debtor previously owned an industrial building and adjoining parking lot located at 9142 and 9150 Markville Drive, Dallas, Texas 75243 (the "**Property**"). The Debtor's business consisted of renting space in the building to musicians and bands, who used the spaces to rehearse and store their equipment. This rental income comprised substantially all of the Debtor's revenue.

7. While some tenants signed rental agreements with the Debtor, most spaces in the building were rented pursuant to oral agreements with the Debtor. The informality of these agreements was largely due to the nature of Debtor's business and clientele, and the relationships that the Debtor's former general partner, Vince Barnhill, had with the tenants. Mr. Barnhill negotiated and entered into the vast majority of the Debtor's rental arrangements prior to QPM becoming the Debtor's general partner. Additionally, as further described in the First Day Declarations, QPM did not have access to all of the Debtor's books and records as of the Petition Date, including written rental agreements that might have been entered with tenants. Consequently, the Debtor does not have complete records of which tenants paid security deposits, how much the deposits were, or when the deposits were made.

8. On March 9, 2023, the Debtor sold and conveyed title to the Property to TC Realty, LLC, pursuant to the Court's order dated March 3, 2023, authorizing such sale [Dkt. #100]. The Debtor and buyer agreed that the Debtor would be responsible for returning any security deposits to tenants.

9. On March 9, 2023, the Debtor caused a *Notice of Sale of Property and Procedure to Claim Security Deposits* (the "**Notice**") to be posted at the Property. A true and correct copy of the Notice is attached hereto as **Exhibit A**.

10. The Notice informed tenants of the Sale and how to claim any security deposits paid for their space in the building. Specifically, the Notice instructed tenants to email the following

information to Morriss and the Debtor's undersigned counsel no later than March 31, 2023: (i) the amount of the security deposit; (ii) when the deposit was paid; (iii) the tenant's room number in the building; and (iv) written documentation showing that the deposit was paid.

11. Attached hereto as **Exhibit B** is a list of all tenants that requested a refund of their security deposit prior to the March 31, 2023 deadline set forth in the Notice (collectively, the **"Requesting Tenants"**), as well as the amount of each security deposit claimed.

12. The aggregate amount of security deposits claimed by the Requesting Tenants is **$8,145.50** (collectively, the **"Claimed Security Deposits"**). Each of the Claimed Security Deposits represents one month's rent for the respective tenant's space in the building, which is the amount customarily collected by the Debtor as a security deposit.

## REQUEST FOR RELIEF

13. The Plan and the Trust Agreement authorize the Trustee to take all actions necessary and appropriate to effectuate the purposes of the Plan, including the wind-down of the Debtor and liquidation of the Debtor's estate. *See* Plan, § 6.3; Trust Agreement, § 4.1. The Trustee succeeded to all authority of the Debtor's general partner and limited partners as of the Effective Date. *Id.*

14. Pursuant to this authority, the Trustee hereby requests that the Court enter an order: (i) authorizing the Trustee to remit the Claimed Security Deposits to the Requesting Tenants; and (ii) barring any claims for security deposits that were not timely pursuant to the Notice.

15. After reviewing the information provided by the Requesting Tenants, as well as the Debtor's available records, the Trustee is of the belief that the Requesting Tenants are entitled to refunds of their security deposits in the amounts set forth on **Exhibit B**.

## PRAYER

WHEREFORE, the Trustee respectfully requests that the Court grant this Motion and enter an order, substantially in the form of proposed order attached hereto, (a) authorizing the Trustee to

remit payment of the Claimed Security Deposits to the Requesting Tenants, (b) barring any claims for security deposits that were not timely asserted in accordance with the Notice, and (c) granting the Trustee such other relief as is just and proper.

DATED: April 26, 2023

Respectfully submitted,

**KANE RUSSELL COLEMAN LOGAN PC**

By: */s/ Kyle Woodard*
    **John J. Kane**
    State Bar No. 24066794
    **Kyle Woodard**
    State Bar No. 24102661
    **JaKayla J. DaBera**
    State Bar No. 24129114
Bank of America Plaza
901 Main Street, Suite 5200
Dallas, Texas 75202
Telephone: (214) 777-4200
Telecopier: (214) 777-4299
Email: jkane@krcl.com
Email: kwoodard@krcl.com
Email: jdabera@krcl.com

**COUNSEL FOR ERIK WHITE, TRUSTEE OF THE LIQUIDATING TRUST**

## CERTIFICATE OF SERVICE

I hereby certify that on April 26, 2023, a true and correct of the foregoing Motion, together with all attachments and exhibits, was filed with the Court and served (i) via the Court's electronic case filing system (ECF) upon all parties receiving such service in this bankruptcy case, and (ii) via regular U.S. mail, postage prepaid, upon all parties set forth on the service list attached hereto.

                                          */s/ Kyle Woodard*
                                          Kyle Woodard