John J. Kane (State Bar No. 24066794)
Kyle Woodard (State Bar No. 24102661)
JaKayla J. DaBera (State Bar No. 24129114)
**KANE RUSSELL COLEMAN LOGAN PC**
901 Main Street, Suite 5200
Dallas, Texas 75202
Telephone - (214) 777-4200
Telecopier - (214) 777-4299
E-mail: jkane@krd.com
E-mail: kwoodard@krd.com
E-mail: jdabera@krd.com

**COUNSEL FOR ERIK WHITE, TRUSTEE
OF THE LIQUIDATING TRUST**

# THE UNITED STATES BANKRUPTCY COURT
# FOR THE NORTHERN DISTRICT OF TEXAS
# DALLAS DIVISION

| | | |
|---|---|---|
| **In re:** | § | **Chapter 11** |
| | § | |
| **UNIVERSAL REHEARSAL PARTNERS, LTD.** | § § § | **Case No. 22-31966** |
| | § | |
| Debtor. | § § | |

## LIQUIDATING TRUSTEE'S OBJECTION TO PROOF OF CLAIM FILED BY VINCE BARNHILL

[Relates to Proof of Claim No. 8]

**NO HEARING WILL BE CONDUCTED HEREON UNLESS A WRITTEN RESPONSE IS FILED WITH THE CLERK OF THE UNITED STATES BANKRUPTCY COURT AT 1100 COMMERCE ST., RM. 1254, DALLAS, TX 75242-1496 BEFORE CLOSE OF BUSINESS ON JUNE 29, 2023, WHICH IS AT LEAST 30 DAYS FROM THE DATE OF SERVICE HEREOF.**

**ANY RESPONSE SHALL BE IN WRITING AND FILED WITH THE CLERK, AND A COPY SHALL BE SERVED UPON COUNSEL FOR THE MOVING PARTY PRIOR TO THE DATE AND TIME SET FORTH HEREIN. IF A RESPONSE IS FILED A HEARING MAY BE HELD WITH NOTICE ONLY TO THE OBJECTING PARTY.**

**IF NO HEARING ON SUCH NOTICE OR MOTION IS TIMELY REQUESTED, THE RELIEF REQUESTED SHALL BE DEEMED TO BE UNOPPOSED, AND THE COURT MAY ENTER AN ORDER GRANTING THE RELIEF SOUGHT OR THE NOTICED ACTION MAY BE TAKEN.**

Erik White, in his capacity as trustee (the **"Trustee"**) of the Universal Rehearsal Partners Liquidating Trust, successor to Universal Rehearsal Partners, Ltd. (the **"Debtor"**) in the above-captioned chapter 11 bankruptcy case files this *Objection to Proof of Claim filed by Vince Barnhill* (the **"Objection"**). Through this Objection, the Plan Administrator seeks entry of an order disallowing Proof of Claim No. 8 (the **"Claim"**) filed by Vince Barnhill (the **"Claimant"**) on February 28, 2023. In support of this Objection, the Liquidating Trustee asserts the following:

## JURISDICTION AND VENUE

1. This Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334. This matter is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(A).

2. Venue before this Court is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

## PROCEDURAL POSITION

3. On October 21, 2022 (the **"Petition Date"**), the Debtor filed its voluntary petition for bankruptcy relief under Chapter 11 of Title 11 of the United States Code (the **"Bankruptcy Code"**).

4. On February 24, 2023, the Debtor filed its *Chapter 11 Plan of Liquidation* [Dkt. No. 90] (the **"Plan"**).[1]

5. On April 5, 2023, the Bankruptcy Court entered its *Findings of Fact, Conclusions of Law, and Order (I) Approving Debtor's Disclosure Statement on a Final Basis and (II) Confirming Debtor's Chapter 11 Plan of Liquidation* [Dkt. No. 118] (the **"Confirmation Order"**) confirming the Plan, approving the Liquidating Trust Agreement attached thereto as Exhibit B the **"Liquidating Trust Agreement"**), and approving the appointment of the Liquidating Trustee, among other things.

6. The Plan became effective on April 10, 2023 (the **"Effective Date"**). *See Notice of Entry of Confirmation and Effective Date of Debtor's Chapter 11 Plan of Liquidation* [Dkt. No. 121]. As of the Effective Date, the Liquidating Trust was formed pursuant to the Plan and the Confirmation Order,

---

[1] All capitalized terms that are not defined herein shall have the meanings provided in the Plan unless otherwise noted.

and is governed by the provisions of the Plan and the Liquidating Trust Agreement.

7. The Plan and Confirmation Order appointed the Trustee to administer the estate and wind down the businesses and affairs of the Debtor. Among other things, pursuant to the Plan and the Liquidating Trust Agreement, the Trustee is vested with the exclusive right to analyze and object to claims filed against the Debtor. *See* Plan, §8.03(g); Liquidating Trust Agreement, § 3.3. The Trustee therefore has standing and authority to file this Objection.

## CLAIM OBJECTION

8. The Liquidating Trustee has analyzed the Debtor's books and records in assessing the Claim and bringing this Objection.

9. Claimant filed Proof of Claim No. 8 as a general unsecured claim in an unknown amount. On information and belief, the Claim is contingent pending the resolution of two adversary proceedings removed to this Court.[2]

10. The Trustee also believes that the Claim is based upon Claimant's equity interest in the Debtor, not upon any enforceable debt obligation owed by the Debtor.

11. The Trustee hereby objects to the Claim and requests that (i) the Claim be denied to the extent that Claimant asserts a general unsecured claim against the Debtor; and (ii) the Claim be disallowed to the extent Claimant seeks any distribution on account of his equity interest pending resolution of the Adversary Proceedings.

---

[2] On January 19, 2023, the Debtor filed its Notice of Removal removing the case styled *Universal Rehearsal Partners LTD v. Barnhill*, Cause No. DC-22-00172 (the "**URP State Court Case**") to this Court. The Adversary Proceeding No. coinciding with the URP State Court Case is 23-03011 (the "**URP Adversary Proceeding**"). Upon information and belief, the Trustee also believes that Claimant's Claim is contingent pending the resolution of *John Kirtland v. Vince Edward Barnhill*, Cause No. DC-21-16507 (the "**Partnership State Court Case**") which was removed by Plaintiff, John Kirtland to this Court. The Adversary Proceeding No. coinciding with that removed case is 23-03012 (the "**Partnership Adversary Proceeding**" together, with the URP Adversary Proceeding the "**Adversary Proceedings**"). On February 28, 2023, the Court entered its *Order Consolidating Adversary Proceedings Pursuant to Rule of Bankruptcy Procedure 7042* consolidated the two Adversary Proceedings and ordering that all pleadings shall be filed in the Universal Rehearsal Adversary Proceeding. *See* URP Adv. Dkt. No. 7.

## BASIS FOR OBJECTION

12. As set forth in Bankruptcy Rule 3001(f), a properly executed and filed proof of claim constitutes prima facie evidence of the validity and the amount of the claim under section 502(a) of the Bankruptcy Code. *See, e.g.*, *In re Jack Kline Co., Inc.*, 440 B.R. 712, 742 (Bankr. S.D. Tex. 2010). A proof of claim loses the presumption of prima facie validity under Bankruptcy Rule 3001(f) if an objecting party refutes at least one of the allegations that are essential to the claim's legal sufficiency. *See In re Fidelity Holding Co., Ltd.*, 837 F.2d 696, 698 (5th Cir. 1988).

13. Once such an allegation is refuted, the burden reverts to the claimant to prove the validity of its claim by a preponderance of the evidence. *Id.* Despite this shifting burden during the claim objection process, "the ultimate burden of proof always lies with the claimant." *In re Armstrong*, 347 B.R. 581, 583 (Bankr. N.D. Tex. 2006) (citing *Raleigh v. Ill. Dep't of Rev.*, 530 U.S. 15 (2000)).

14. Claimant filed its Claim against Debtor as an unsecured, contingent claim in an undetermined amount. Claimant's Claim is based on unpaid salary alleged to be owed to Claimant and equity in the limited partnership.

15. On information and belief, the Claim relates to the Adversary Proceedings.

16. Additionally, the Claim lacks sufficient information and supporting documentation. Rule 3001 of the Federal Rules of Bankruptcy Procedure (the **"Bankruptcy Rules"**) requires that a proof of claim based upon a writing be filed with an attached copy of the writing. FED. R. BANKR. P. 3001(c)(1). The Claim is void of any documentation supporting the basis of the Claim.

17. Lastly, the Liquidating Trustee objects to the Claim to the extent that it improperly asserts a claim based on an equity interest in the Debtor.

## RESERVATION OF RIGHTS

18. This Objection relates only to the Claim asserted by the Claimant. Accordingly, the Liquidating Trustee reserves the right to object to any additional claims asserted by Claimant in

accordance with the Plan.

19. The Liquidating Trustee further reserves all rights to amend or supplement this Objection for any reason. Nothing in this Objection or the relief requested herein in any way affects the Liquidating Trustee's right to further object to the Claim (if any), whether as filed or modified by any order granting the relief requested in this Objection. Moreover, nothing contained herein is intended or shall be construed as (a) an admission as to the amount of, basis for, or validity of any claim against the debtor; (b) a waiver of any party in interest's right to dispute any claim; (c) a promise or requirement to pay any particular claim; (d) an implication or admission that any particular claim is of a type specified or defined in this motion; or (e) a waiver of any claims or causes of action which may exist.

**<u>PRAYER</u>**

**WHEREFORE**, the Liquidating Trustee hereby requests that the Court enter an order, substantially in the form of proposed order attached hereto, (a) sustaining this Objection and (b) granting the Trustee such other and further relief as the Court deems appropriate.

DATED: May 29, 2023  Respectfully submitted,

**KANE RUSSELL COLEMAN LOGAN PC**

By: */s/ Kyle Woodard*
    **John J. Kane**
    State Bar No. 24066794
    **Kyle Woodard**
    State Bar No. 24102661
    **JaKayla J. DaBera**
    State Bar No. 24129114
Bank of America Plaza
901 Main Street, Suite 5200
Dallas, Texas 75202
(214) 777-4200 (Telephone)
(214) 777-4299 (Facsimile)
E-mail: jkane@krcl.com
E-mail: kwoodard@krcl.com
E-mail: jdabera@krcl.com

**COUNSEL FOR ERIK WHITE, TRUSTEE OF THE LIQUIDATING TRUST**

## **CERTIFICATE OF SERVICE**

    I hereby certify that on May 29, 2023, a true and correct copy of the foregoing Objection was served via the Court's Electronic Case Filing system upon all parties receiving such electronic service in this bankruptcy case, and via First-class mail, postage prepaid, upon the parties listed below.

**Vince Barnhill**
c/o Joyce W. Lindauer
1412 Main Street, Suite 500
Dallas, TX 75202

*/s/ Kyle Woodard*
Kyle Woodard