Joyce W. Lindauer
State Bar No. 21555700
Joyce W. Lindauer Attorney, PLLC
1412 Main St., Suite 500
Dallas, Texas 75202
Telephone: (972) 503-4033
Facsimile: (972) 503-4034
ATTORNEYS FOR VINCE BARNHILL

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE NORTHERN DISTRICT OF TEXAS**
**DALLAS DIVISION**

| | | |
|---|---|---|
| IN RE: | § | |
| | § | |
| UNIVERSAL REHEARSAL | § | CASE NO. 22-31966-mvl |
| PARTNERS, LTD., | § | Chapter 11 |
| | § | |
| Debtor. | § | |

**RESPONSE TO LIQUIDATING TRUSTEE'S OBJECTION TO PROOF OF CLAIM FILED BY VINCE BARNHILL**

COMES NOW Vince Barnhill ("Barnhill"), a party-in-interest in the above titled and numbered bankruptcy case, and files this his *Response to Liquidating Trustee's Objection to Proof of Claim filed by Vince Barnhill* ("Reply" and "Objection," respectively), and in support of same would show the Court as follows:

1. Barnhill admits the allegation in paragraph 1 of the Objection concerning the Court's jurisdiction over this matter and its status as a core proceeding.

2. Barnhill admits the allegation in paragraph 2 of the Objection concerning proper venue.

3. Barnhill admits the allegation in paragraph 3 of the Objection concerning the Petition Date.

4. Barnhill admits the allegation in paragraph 4 of the Objection concerning the date the Debtor filed its Chapter 11 Plan of Liquidation.

5.    Barnhill admits the allegation in paragraph 5 of the Objection concerning the date that the Court entered its Confirmation Order, approving the Liquidating Trust Agreement, and appointing the Liquidating Trustee.

6.    Barnhill admits the allegation in paragraph 6 of the Objection regarding the Effective Date of the Plan.  Barnhill admits the allegation concerning the date and pleadings forming the Liquidating Trust.

7.    Barnhill admits the allegation in paragraph 7 of the Objection concerning the referenced pleading and order appointing the Trustee.  Barnhill admits the allegation concerning the rights vested in the Liquidating Trustee to the extent the referenced documents establishing such rights so provide.  Barnhill admits the allegation concerning the Liquidating Trustee's standing and authority to file his Objection to the extent the documents establishing his rights so provide.

8.    Barnhill can neither admit nor deny the allegation in paragraph 8 of the Objection concerning the Liquidating Trustee's analysis of Debtor's books and records and assessment of Barnhill's claim preparatory to filing the Objection.

9.    Barnhill admits the allegation in paragraph 9 of the Objection concerning the amount and type of claim filed.  Barnhill denies the allegation that his claim is contingent.

10.    Barnhill denies the allegation in paragraph 10 of the Objection that the Claim is based solely on Barnhill's equity interest in the Debtor.

11.    Barnhill denies the allegation in paragraph 11 of the Objection, asserting that the fact that Barnhill's claim is a general unsecured claim does not render the claim objectionable, and further objects on the ground that the claim is not based on premise that it is contingent and based solely on a desired distribution of an equity interest.

12. Barnhill admits the allegations in paragraph 12 of the Objection to the extent that they faithfully restate the referenced case law.

13. Barnhill admits the allegation in paragraph 13 of the Objection to the extent that they faithfully restate the referenced case law.

14. Barnhill admits the allegation in paragraph 14 of the Objection that his claim is unsecured, and is in an undetermined amount, but denies that the claim is contingent. Barnhill admits the allegation that the claim is based on unpaid salary owed to him, but denies that the equity amount owed to Barnhill is included in his calculus of amounts owed. Rather, while equity is indeed owed, part of said equity was improperly seized and given to QPM, an entity run by Marcus Morriss ("Morriss"), a friend and business associate of Debtor's principal, John Kirtland ("Kirtland"), which, upon information and belief is under the influence and/or de facto control of Kirtland. Also, upon information and belief, Barnhill's interest was handed over to QPM for no consideration tendered, either to the Debtor or to Barnhill.

15. Barnhill admits the allegation in paragraph 15 of the Objection to the extent that the claim was filed in the bankruptcy case, which itself is related to various causes of action filed in the adversary proceedings which were initially filed by Kirtland and the Debtor, and in which Barnhill asserted various counterclaims, in separate state court actions which were then removed to this Bankruptcy Court.

16. Barnhill denies the allegation in paragraph 16 of the Objection that "the claim lacks sufficient information and supporting documentation." For example, Debtor has acknowledged that it removed Barnhill from his position as General Partner of the Debtor (i.e. in the Notice of Removal of General Partner), seized a portion of Barnhill's interest in accordance with the Partnership Agreement, which it then turned over to QPM and/or Morriss. In the event that the Court deems the volume of supporting information and documentation to be insufficient (i.e. to

support the claim that salary is indeed owed), Barnhill would beg the Court permit him to provide any such documentation rather than summarily dismiss his claim. Debtor admits the allegation concerning the content of Fed. R. Bankr. P. 3001(c)(1), but notes that "[u]nder the current version of the Rule… [claimants] merely need to provide a summary of specific data that is calculated to provide the debtor with enough information to match the claim with a debt."[1] Arguably, Barnhill has done so, but if the Court deems that more information and documentation is necessary, he will provide such. Debtor admits the allegation that no documentation supporting the basis of the claim was included in the claim, but notes that ample documentation performing that function has been provided throughout the pendency of this case. Again, if the Court requires such to be appended to the Claim and resubmitted to the Court, Barnhill can do so.

17. Barnhill denies the allegation in paragraph 17 of the Objection that the claim is based solely on the equity interest owed to Barnhill.

18. Barnhill is not required to admit or deny the allegation in the first sentence of paragraph 18 of the Objection concerning the extent to what the Claim asserted by Barnhill relates. Barnhill denies the allegation that the Liquidating Trustee's right to object to any additional claims as may be, or which have been, asserted by Barnhill in accordance with the Plan is appropriate. If a claim is asserted "in accordance with the Plan" as mentioned in the Objection, there is no rationale whereby such claims, if allowed, would be objectionable.

19. Barnhill is not required to admit or deny the allegations in paragraph 19 of the Objection concerning Liquidating Trustee's reservation of rights.

---

[1] *In re Morris*, No. 22-11379-KHK, 2023 Bankr. LEXIS 740, at *9 (Bankr. E.D. Va. Mar. 24, 2023). See also *In re Crutchfield*, 492 B.R. 60, at *67 (Bankr. M.D. Ga. 2013).

Response to Liquidating Trustee's Objection to Proof of Claim Filed by Vince Barnhill
Page 4

WHEREFORE, PREMISES CONSIDERED, Vince Barnhill begs the Court overrule the Objection and deny any relief requested therein, prays that it allow Barnhill's Claim, and asks that the Court grant to him any such other and further relief to which he may show himself entitled.

Dated: June 23, 2023

Respectfully submitted,

  /s/ Joyce W. Lindauer
Joyce W. Lindauer
State Bar No. 21555700
Joyce W. Lindauer Attorney, PLLC
1412 Main St., Suite 500
Dallas, Texas 75202
Telephone: (972) 503-4033
Facsimile: (972) 503-4034
Email: joyce@joycelindauer.com
ATTORNEYS FOR VINCE BARNHILL

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that on June 23, 2023, a true and correct copy of the foregoing document was served via email pursuant to the Court's ECF system upon the parties receiving electronic notice in this case listed below.

Thomas C Barron on behalf of Defendant Vince Edward Barnhill
tbarron@barronlawfirm.com

Thomas C Barron on behalf of Defendant Vincent Barnhill
tbarron@barronlawfirm.com

Eboney D. Cobb on behalf of Creditor Richardson ISD
ecobb@pbfcm.com, ecobb@pbfcm.com;ecobb@ecf.inforuptcy.com

JaKayla DaBera on behalf of Debtor Universal Rehearsal Partners, Ltd.
jdabera@krcl.com

JaKayla DaBera on behalf of Plaintiff Universal Rehearsal Partners, Ltd.
jdabera@krcl.com

JaKayla DaBera on behalf of Trustee Erik White
jdabera@krcl.com

John J. Kane on behalf of Debtor Universal Rehearsal Partners, Ltd.
jkane@krcl.com, ecf@krcl.com;jkane@ecf.courtdrive.com

John J. Kane on behalf of Plaintiff Universal Rehearsal Partners, Ltd.
jkane@krcl.com, ecf@krcl.com;jkane@ecf.courtdrive.com

Buffey E. Klein on behalf of Creditor PlainsCapital Bank
buffey.klein@huschblackwell.com, Tanya.adams@huschblackwell.com;buffey-klein-8494@ecf.pacerpro.com;penny.keller@huschblackwell.com

Sherrel K. Knighton on behalf of Creditor Dallas County
Sherrel.Knighton@lgbs.com, Dora.Casiano-Perez@lgbs.com; Sean.French@lgbs.com; Michael.Alvis@lgbs.com;Alexis.Hall@lgbs.com;Dallas.Bankruptcy@lgbs.com

Joyce W. Lindauer on behalf of Creditor Vince Barnhill
joyce@joycelindauer.com, dian@joycelindauer.com

Joyce W. Lindauer on behalf of Defendant Vincent Barnhill
joyce@joycelindauer.com, dian@joycelindauer.com

Jacob Sparks on behalf of Plaintiff John Kirtland
jacob.sparks@nelsonmullins.com, MDrake@SpencerFane.com

John Kendrick Turner on behalf of Creditor Dallas County
john.turner@lgbs.com, Dora.Casiano-Perez@lgbs.com;Dallas.Bankruptcy@lgbs.com

United States Trustee
ustpregion06.da.ecf@usdoj.gov

Kyle Woodard on behalf of Broker Colliers International North Texas, LLC
kwoodard@krcl.com, KWoodard@ecf.courtdrive.com

Kyle Woodard on behalf of Debtor Universal Rehearsal Partners, Ltd.
kwoodard@krcl.com, KWoodard@ecf.courtdrive.com

Kyle Woodard on behalf of Debtor In Possession Universal Rehearsal Partners, Ltd.
kwoodard@krcl.com, KWoodard@ecf.courtdrive.com

Kyle Woodard on behalf of Plaintiff Universal Rehearsal Partners, Ltd.
kwoodard@krcl.com, KWoodard@ecf.courtdrive.com

Kyle Woodard on behalf of Trustee Erik White
kwoodard@krcl.com, KWoodard@ecf.courtdrive.com

                /s/ Joyce W. Lindauer
               Joyce W. Lindauer