

**CLERK, U.S. BANKRUPTCY COURT**
**NORTHERN DISTRICT OF TEXAS**

# ENTERED

**THE DATE OF ENTRY IS ON**
**THE COURT'S DOCKET**

**The following constitutes the ruling of the court and has the force and effect therein described.**

*Michelle V. Larson*

**Signed July 13, 2023**

_____
**United States Bankruptcy Judge**

_____

**THE UNITED STATES BANKRUPTCY COURT**
**FOR THE NORTHERN DISTRICT OF TEXAS**
**DALLAS DIVISION**

| | | |
|---|---|---|
| In re: | § | Chapter 11 |
| | § | |
| **UNIVERSAL REHEARSAL PARTNERS, LTD.** | § § § | Case No. 22-31966 |
| | § | |
| Debtor. | § | |

**ORDER SUSTAINING LIQUIDATING TRUSTEE'S OMNIBUS OBJECTION TO CERTAIN PROOFS OF CLAIM (SATISFIED CLAIMS)**

**ON THIS DATE** the Court considered the *Omnibus Objection to Certain Proofs of Claim (Satisfied Claims)* (the "**Objection**")[1] filed by Erik White, in his capacity as trustee (the "**Trustee**") of the Universal Rehearsal Partners Liquidating Trust, successor to Universal Rehearsal Partners, Ltd. (the "**Debtor**") in the above-captioned chapter 11 bankruptcy case seeking entry of an order (this "**Order**") disallowing the Claims, identified on **Exhibit A** attached hereto; and this Court having jurisdiction over this matter pursuant to 28 U.S.C. § 1334; and this Court having found that this is a core

---

[1] Capitalized terms not defined herein shall have the meanings provided in the Objection unless otherwise noted.

proceeding pursuant to 28 U.S.C. § 157(b)(2); and that this Court may enter a final order consistent with Article III of the United States Constitution; and this Court having found that venue of this proceeding and the Objection in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and this Court having found that the relief requested in the Objection is in the best interests of the Debtor's estate, its creditors, and other parties in interest; and this Court having found that the Debtor's notice of the Objection and opportunity for a hearing on the Objection were appropriate under the circumstances and no other notice need be provided; and this Court having reviewed the Objection; and this Court having determined that the legal and factual bases set forth in the Objection establish just cause for the relief granted herein; and upon all of the proceedings had before this Court; and after due deliberation and sufficient cause appearing therefor, **IT IS HEREBY ORDERED THAT**:

1. The Objection is **SUSTAINED** and that the Claims identified on **Exhibit A** are hereby **DISALLOWED** and **EXPUNGED**.

2. The Liquidating Trustee reserves and shall retain the right to assert objections to any other claims filed or asserted by the claimants in accordance with the Plan.

3. To the extent a response is filed regarding any Claim, each such Claim, and the Objection as it pertains to such Claim, will constitute a separate contested matter as contemplated by Bankruptcy Rule 9014.  This Order will be deemed a separate order with respect to each Claim.

4. The Liquidating Trustee is authorized to take all actions necessary to effectuate the relief granted in this Order in accordance with the Objection.

5. This Court retains exclusive jurisdiction with respect to all matters arising from or related to the implementation, interpretation, and enforcement of this Order.

###END OF ORDER###

ORDER PREPARED AND SUBMITTED BY:

John J. Kane (State Bar No. 24066794)
S. Kyle Woodard (State Bar No. 24102661)
JaKayla J. DaBera (State Bar No. 24129114)
**Kane Russell Coleman Logan PC**
901 Main Street, Suite 5200
Dallas, TX  75202
Telephone: 214-777-4200
Telecopier: 214-777-4299
E-mail: jkane@krcl.com
E-mail: kwoodard@krcl.com
E-mail: jdabera@krcl.com

**COUNSEL FOR LIQUIDATING TRUSTEE**

## Exhibit A

## Satisfied Claims

| Creditor | POC # | Proof of Claim Amount |
|---|---|---|
| Dallas County Tax Office | 2-1 | 17,971.34 |
| PlainsCapital Bank | 7-1 | 707,130.48 |
| Richardson ISD | 1-1 | 17,581.06 |
| Richardson ISD | 3-1 | 19,339.16 |