John J. Kane (SBN 24066794)
Kyle Woodard (SBN 24102661)
JaKayla J. DaBera (SBN 24129114)
**KANE RUSSELL COLEMAN LOGAN PC**
901 Main Street, Suite 5200
Dallas, Texas 75202
Telephone: (214) 777-4200
Telecopier: (214) 777-4299
Email: jkane@krcl.com
Email: kwoodard@krcl.com
Email: jdabera@krcl.com

**COUNSEL FOR ERIK WHITE, TRUSTEE
OF THE UNIVERSAL REHEARSAL PARTNERS
LIQUIDATING TRUST**

# IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE NORTHERN DISTRICT OF TEXAS
## DALLAS DIVISION

| | | |
|---|---|---|
| In re: | § | Chapter 11 |
| | § | |
| **UNIVERSAL REHEARSAL PARTNERS, LTD.,** | § § § § | Case No. 22-31966 |
| Debtor. | § § § | |

## LIQUIDATING TRUSTEE'S MOTION FOR ENTRY OF AN ORDER AUTHORIZING PAYMENT OF ALLOWED CLASS 4 GUC CLAIMS

**NO HEARING WILL BE CONDUCTED HEREON UNLESS A WRITTEN RESPONSE IS FILED WITH THE CLERK OF THE UNITED STATES BANKRUPTCY COURT AT 1100 COMMERCE STREET, ROOM 1254, DALLAS, TEXAS 75242-1496 BEFORE CLOSE OF BUSINESS ON <u>OCTOBER 4, 2023</u>, WHICH IS AT LEAST 21 DAYS FROM THE DATE OF SERVICE HEREOF.**

**ANY RESPONSE SHALL BE IN WRITING AND FILED WITH THE CLERK, AND A COPY SHALL BE SERVED UPON COUNSEL FOR THE MOVING PARTY PRIOR TO THE DATE AND TIME SET FORTH HEREIN. IF A RESPONSE IS FILED A HEARING MAY BE HELD WITH NOTICE ONLY TO THE OBJECTING PARTY.**

**IF NO HEARING ON SUCH NOTICE OR MOTION IS TIMELY REQUESTED, THE RELIEF REQUESTED SHALL BE DEEMED TO BE**

**UNOPPOSED, AND THE COURT MAY ENTER AN ORDER GRANTING THE RELIEF SOUGHT OR THE NOTICED ACTION MAY BE TAKEN.**

Erik White, in his capacity as trustee (the "**Trustee**") of the Universal Rehearsal Partners Liquidating Trust (the "**Liquidating Trust**" or "**Trust**"), successor to Universal Rehearsal Partners, Ltd. (the "**Debtor**") in the above-captioned chapter 11 bankruptcy case, files this *Motion for Entry of an Order Authorizing Payment of Allowed Class 4 GUC Claims* (the "**Motion**") and, in support hereof, respectfully states as follows:

## JURISDICTION & VENUE

1. The United States Bankruptcy Court for the Northern District of Texas, Dallas Division (the "**Court**"), has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334. This matter is a core proceeding pursuant to 28 U.S.C. § 157(b)(2).

2. Venue is proper in this Court pursuant to 28 U.S.C. §§ 1408 and 1409.

3. This Motion seeks relief under sections 105 and 502 of title 11 of the United States Code (the "**Bankruptcy Code**") and Rule 3021 of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**").

## BACKGROUND

4. The Debtor is a Texas limited partnership. John Kirtland ("**Kirtland**") owns a 50% limited partnership in the Debtor, and Vince Barnhill ("**Barnhill**") owns a 49% limited partnership interest. The Debtor's general partner, Q PM, LLC, owns the remaining 1% interest. Kirtland and Barnhill are also referenced herein as "**Limited Partners**."

A. **DEBTOR'S BANKRUPTCY CASE**

5. On October 21, 2022 (the "**Petition Date**"), the Debtor filed a voluntary petition for relief in this Court under Chapter 11 of the Bankruptcy Code.

6. The Debtor's primary asset was a parcel of real property located at 9142 and 9150 Markville Drive, Dallas, Texas 75243 (the "**Property**"). The Debtor conducted an auction for the

Property on February 28, 2023, and received a bid from TC Realty, LLC to purchase the Property for $1,555,000. *See* Dkt. No. 92, *Notice of Auction Results*. On March 3, 2023, the Court entered an Order [Dkt. No. 100] authorizing the Debtor to sell the Property to TC Realty, LLC under section 363 of the Bankruptcy Code (the **"Sale"**). The Sale closed on March 9, 2023. *See* Dkt. No. 106.

7. On February 24, 2023, the Debtor filed its *Chapter 11 Plan of Liquidation* [Dkt. No. 90] (the **"Plan"**)[1] and its *Disclosure Statement Pursuant to 11 U.S.C. § 1125* [Dkt. No. 91] (the **"Disclosure Statement"**). On March 3, 2023, the Debtor served Plan solicitation packets in accordance with the Court's Order conditionally approving the Disclosure Statement [Dkt. No. 96]. *See* Dkt. No. 102, *Certificate of Service*.

8. On April 5, 2023, the Court entered an Order confirming the Plan and approving the Disclosure Statement on a final basis [Dkt. No. 118] (the **"Confirmation Order"**). The Plan became effective on April 10, 2023 (the **"Effective Date"**). *See* Dkt. No. 121.

9. The Plan established the Liquidating Trust for the purpose of distributing the Debtor's remaining assets to holders of Allowed Class 4 GUC Claims and Allowed Class 5 Interests, as beneficiaries of the Trust, and the Trustee is authorized to act as the disbursing agent for such distributions. *See Plan* §§ 7.03, 8.03. The Liquidating Trust is governed by the terms of the Plan and the *Liquidating Trust Agreement* dated April 10, 2023, between the Debtor and Trustee (the **"Trust Agreement"**).

B. **DEBTOR'S CHAPTER 11 LIQUIDATION PLAN**

10. The Debtor sought to liquidate the Property through this bankruptcy proceeding and use the Sale proceeds to pay creditors. The Debtor had sufficient equity in the Property to pay creditors in full, with proceeds remaining for distribution to its partners on account of their equity interests.

---

[1] Capitalized terms that are not defined herein have the meanings provided in the Plan unless otherwise noted.

11. The Debtor filed its Plan and Disclosure Statement proposing to do just that. The Court conditionally approved the Debtor's Disclosure Statement on March 1, 2023 [Dkt. No. 96]. At that time, approximately $145,000 of non-contingent, liquidated, and undisputed GUC Claims (as defined in the Plan) had been asserted against the Debtor, and PlainsCapital Bank held a secured claim of approximately $706,807. All ad valorem taxes on the Property for 2022 and prior tax years had been paid. Thus, prepetition claims to be paid under the Plan totaled approximately $852,000.

12. The Disclosure Statement clearly described the estimated claims to be paid under the Plan and explained that no classes of claims would be impaired under the Plan; *i.e.*, that all prepetition claims and administrative expense claims would be paid in full from the Sale proceeds.[2] The following is an excerpt from the Liquidation Analysis attached to the Disclosure Statement:

> As further discussed in the Disclosure Statement, the Debtor's Plan will be funded with the proceeds from the Sale of its Assets. The Debtor's Real Property, alone, is estimated to be worth approximately $1.38 million, according to the Dallas County Appraisal District, which far exceeds the estimated total prepetition Claims in this Case:
>
> | | |
> |---|---:|
> | **Est. Real Property Value:** | **$1,337,370.00** |
> | Secured Claims: | $706,807.25 |
> | Priority Claims:[3] | $0.00 |
> | General Unsecured Claims: | $145,185.97 |
> | **Total Prepetition Claims:** | **$851,993.22** |
>
> Consequently, the Plan contemplates that all Allowed Claims (including Administrative Claims) will be paid in full from the Sale Proceeds, such that no Classes of Claims are Impaired under the Plan. Class 5, consisting of the Partnership Interests in the Debtor, is the only potentially Impaired Class under the Plan.

*Disclosure Statement*, Ex. B.

13. The $145,185.97 of general unsecured claims contemplated under the Plan did not include the nearly $1 million of GUC Claims now asserted by Kirtland and Barnhill. The Plan does not contemplate any Class 4 GUC Claims for the Debtor's partners, and neither Limited Partner asserted any liquidated or non-contingent GUC Claim prior to confirmation of the Plan. As of the

---

[2] On February 28, 2023, prior to soliciting the Plan, the Debtor filed Notice of the $1,555,000 bid received for the Property [Dkt. No. 92].

Plan confirmation hearing, Kirtland had filed a proof of claim for a contingent claim of approximately $1.4 million [Claim No. 6], and Barnhill had filed an unliquidated proof of claim [Claim No. 8]. Since Plan confirmation, Kirtland has filed a GUC Claim of $899,583 [Claim No. 6-2], and Barnhill has informally asserted a GUC Claim of $96,000 (the "**Limited Partner Claims**").[3]

14. Class 4 GUC Claims were unimpaired and not entitled to vote on the Plan, because the Plan provided for such claims to be paid in full from the Sale proceeds. *See Plan* § 3.04; *Conf. Order*, p. 11. Given their knowledge of the $1,555,000 Sale price and claims asserted against the Debtor, Kirtland and Barnhill knew (or certainly should have known) the Sale proceeds were insufficient to fully satisfy the GUC Claims they now assert, yet neither Limited Partner contested confirmation of the Plan on April 5, 2023. Barnhill filed an Objection to the Plan on March 29, 2023 [Dkt. No. 108], but he withdrew the Objection and the Plan was consensually confirmed at the hearing April 5, 2023. Moreover, Barnhill's Objection did not contest the treatment of any Class of Claims or Interests or the proposed Class 4 GUC Claims to be paid under the Plan. Kirtland voted to accept the Plan. *See* Dkt. No. 113, *Ballot Tabulation*.

C. **GUC CLAIMS AGAINST THE DEBTOR**

15. As contemplated under the Plan, all secured claims, priority claims, and administrative expense claims in this case have been satisfied in full from the Sale proceeds, such that Class 4 GUC Claims and Class 5 Interests are the only remaining distributions to be made under the Plan. The Trustee is currently holding approximately $527,000 in cash proceeds from the Sale.

16. The Trustee has filed objections to the claims of Kirtland and Barnhill [Dkt. Nos. 135 and 136, respectively], and those objections remain unresolved. All other Disputed Claims under the

---

[3] The Trustee understands, based on representations from Barnhill's counsel at the hearing on July 18, 2023, that Barnhill asserts a GUC Claim of approximately $96,000 for unpaid prepetition compensation. Barnhill's original proof of claim does not identify sum certain GUC Claim asserted against the Debtor, and Barnhill has not amended Claim No. 8 or filed any additional claims with the Court.

Plan have been reconciled and resolved by final orders of this Court, such that the only remaining Allowed Class 4 GUC Claims under the Plan total $45,685.97 in the aggregate (the "**Undisputed GUC Claims**"). The Undisputed GUC Claims are identified on the attached **Exhibit A** (the "**Undisputed Claims Matrix**"). The Trustee believes that resolving the Kirtland and Barnhill claim objections will require a resolution of the Partnership Litigation in order to liquidate the Kirtland and Barnhill's respective asserted claims.

17. The Plan provides for accrual and payment of post-petition interest on all Class 4 GUC Claims. *Plan* § 3.04. Accordingly, the Trustee seeks to pay the Undisputed GUC Claims in order to reduce the costs incurred by the Trust.

## REQUEST FOR RELIEF

18. The Trustee hereby requests entry of an order, substantially in the form of proposed order attached hereto, authorizing payment of the Undisputed GUC Claims in accordance with the Plan and Trust Agreement.

19. Bankruptcy Rule 3021 provides that "after a plan is confirmed, distribution shall be made to creditors whose claims have been allowed[.]" FED. R. BANKR. P. 3021. Additionally, the Trust Agreement authorizes the Trustee to make distributions to the Liquidating Trust Beneficiaries if, "in the Trustee's sole discretion, [the Trust] has sufficient Trust Assets to make such payments…" *See Trust Agreement*, Art. 3. As previously noted, all outstanding claim objections have been resolved, other than the Limited Partner Claims. The allowed amount of the Limited Partner Claims must be resolved and determined in connection with the Partnership Litigation.

20. The Trustee anticipates that approximately $480,000 of cash will remain in the Trust after payment of the Undisputed GUC Claim, and the Trustee does not expect any dissolution of remaining GUC Claims that might subsequently become allowed under the Plan (*i.e.*, the Limited Partner Claims). Based on the amount of Limited Partner Claims now asserted, there is a chance that

the Limited Partner Claims will not be paid in full. But given that the asserted Limited Partner Claims total nearly $1 million in the aggregate, the Limited Partner Claims (if allowed) will not be paid in full regardless of whether the Trustee pays the Undisputed GUC Claim of $45,685.97.

21. The Plan contemplates full payment of all Class 4 GUC Claims, with no allowed GUC Claims for the Limited Partners, and distribution of any remaining Sale proceeds to the Limited Partners based on the outcome of the Partnership Litigation. Neither Kirtland nor Barnhill contested confirmation of the Plan on these terms. The claims that Kirtland and Barnhill have since decided to assert are not grounds for depriving other unsecured creditors of the treatment afforded to them under the Plan. The relief sought herein would enable the Trustee to carry out the intent of the Plan and reduce the costs of post-petition interest that continues to accrue on the Undisputed GUC Claims.

## NOTICE

22. Any creditor that believes that an error has occurred in the manner in which its claim has been listed in the Undisputed Claims Matrix may file a response to the Motion accordingly.[4] Likewise, any creditor that believes that it holds a claim that should be but has not been listed in the Undisputed Claims Matrix may file a response to the Motion. The Trustee requests that the Court find that each creditor that does not file a timely response to this Motion has waived any right to assert or be allowed a claim that exceeds the amount set forth in the Undisputed Claims Matrix.

## PRAYER

WHEREFORE, the Trustee respectfully requests that the Court grant this Motion and enter an order, substantially in the form attached hereto, authorizing the Trustee to pay the Undisputed GUC Claims in full and granting the Trustee such other relief as is just and proper

---

[4] By this Motion, the Trustee does not consent to the reconsideration, vacation, or modification of any order disallowing, expunging, reducing, or reclassifying any claim.

DATED: September 13, 2023

Respectfully submitted,

**KANE RUSSELL COLEMAN LOGAN PC**

By: _/s/ JaKayla J. DaBera_
    **John J. Kane**
    State Bar No. 24066794
    **Kyle Woodard**
    State Bar No. 24102661
    **JaKayla J. DaBera**
    State Bar No. 24129114
901 Main Street, Suite 5200
Dallas, Texas 75202
Telephone: (214) 777-4200
Telecopier: (214) 777-4299
Email: jkane@krcl.com
Email: kwoodard@krcl.com
Email: jdabera@krcl.com

**COUNSEL FOR ERIK WHITE, TRUSTEE OF THE UNIVERSAL REHEARSAL PARTNERS LIQUIDATING TRUST**

## CERTIFICATE OF SERVICE

I hereby certify that on September 13, 2023, a true and correct of the foregoing Motion was filed with the Court and served (i) via the Court's electronic case filing system (ECF) upon all parties receiving such service in this bankruptcy case, and (ii) via email and/or regular U.S. mail, postage prepaid, upon counsel for all parties listed on the attached Service List.

                                                   _/s/ JaKayla J. DaBera_
                                                   JaKayla J. DaBera